RECEIVED
JUL 11 2005
SUPERINTENDENT'S OFFICE
RCCSD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI, <br> Plaintiff, | : <br> : <br> : |
| v. | : <br> : <br> : |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; IRWIN J. BECNEL, JR, CHARLES CAVANAUGH, GARY LINARDUCCI, LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. WILSON, SR., individually and in their official capacities as members of the Red Clay Consolidated School District Board of Education; ROBERT J. ANDRZEJEWSKI, individually and in his official capacity as Superintendent of the Red Clay Consolidated School District; and RED CLAY CONSOLIDATED SCHOOL DISTRICT, <br> Defendants. | : Civil Action No. 05-359 SLR |

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:   Robert J. Andrzejewski, Superintendent
      Red Clay Consolidated School District
      2916 Duncan Road
      Wilmington, DE 19808

A lawsuit has been commenced against you, as shown above. A copy of the Complaint is attached to this Notice. The lawsuit has been filed in the United States District Court for the District of Delaware and has been assigned Docket No. 05-359 SLR.

This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and a copy of the Complaint. The cost of service will be avoided if I receive a signed copy of the Waiver within 30 days after the date designated below as the date on which this Notice and Request

is sent. Enclosed is a stamped self-addressed envelope for your use. An extra copy of the Waiver is also enclosed for your records.

If you comply with this request and return the signed waiver, it will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the Complaint before 60 days from the date designated below as the date on which this Notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the Court to require the party on whose behalf you are addressed to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff by First Class Mail this 8th day of July, 2005.

*Joseph M Bernstein*
JOSEPH M. BERNSTEIN (Bar #780)
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
302-656-9836 (Fax)
E-mail: jmbern001@comcast.net
Attorney for Plaintiff

Dated: July 8, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI,<br>    Plaintiff, | :<br>:<br>: |
| v. | :<br>: |
| RED CLAY CONSOLIDATED SCHOOL<br>DISTRICT BOARD OF EDUCATION; IRWIN<br>J. BECNEL, JR, CHARLES CAVANAUGH,<br>GARY LINARDUCCI, LORETTA C. RICE,<br>JAMES D. TAYLOR, MARTIN A.<br>WILSON, SR., individually and in their official<br>capacities as members of the Red Clay<br>Consolidated School District Board of<br>Education; ROBERT J. ANDRZEJEWSKI,<br>individually and in his official capacity as<br>Superintendent of the Red Clay Consolidated<br>School District; and RED CLAY<br>CONSOLIDATED SCHOOL DISTRICT,<br>    Defendants. | :<br>:<br>: Civil Action No. 05-359 SLR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## WAIVER OF SERVICE OF SUMMONS

TO: JOSEPH M. BERNSTEIN, ESQUIRE
    Attorney for Plaintiff

    I acknowledge receipt of your request that I waive service of a summons in the above captioned action. I have also received a copy of the complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.
    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.
    The entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objection based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within 60 days after July 8, 2005.

*Robert J Andrzejewski*
Signature

Print Name: Robert J. Andrzejewski

July 11, 2005
Date of Signature

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United State who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction of the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer that if the summons had been actually served when the request for waiver of service was received.