IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI, <br>    Plaintiff, <br><br> v. <br><br> RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; IRWIN J. BECNEL, JR, CHARLES CAVANAUGH, GARY LINARDUCCI, LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. WILSON, SR., individually and in their official capacities as members of the Red Clay Consolidated School District Board of Education; ROBERT J. ANDRZEJEWSKI, Individually and in his official capacity as Superintendent of the Red Clay Consolidated School District; and RED CLAY CONSOLIDATED SCHOOL DISTRICT, <br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : Civil Action No. 05-359 SLR <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**WAIVER OF SERVICE OF SUMMONS**

TO: JOSEPH M. BERNSTEIN, ESQUIRE
    Attorney for Plaintiff

    I acknowledge receipt of your request that I waive service of a summons in the above captioned action. I have also received a copy of the complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.
    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by Rule 4.
    The entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objection based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within 60 days after July 8, 2005.

*Diane A. Dunnon on behalf James D. Taylor*
Signature

Print Name: _____

*July 18, 2005*
Date of Signature

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United State who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction of the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer that if the summons had been actually served when the request for waiver of service was received.