IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA MONGELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-359 SLR |
| v. | ) | |
| | ) | TRIAL BY JURY |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT | ) | DEMANDED |
| BOARD OF EDUCATION; IRWIN J. BECNEL, JR., | ) | |
| CHARLES CAVANAUGH, GARY LINARDUCCI, | ) | |
| LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. | ) | |
| WILSON, SR., INDIVIDUALLY AND IN THEIR | ) | |
| OFFICIAL CAPACITIES AS MEMBERS OF THE RED | ) | |
| CLAY CONSOLIDATED SCHOOL DISTRICT BOARD | ) | |
| OF EDUCATION; ROBERT J. ANDRZEJEWSKI, | ) | |
| INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY | ) | |
| AS SUPERINTENDENT OF THE RED CLAY | ) | |
| CONSOLIDATED SCHOOL DISTRICT; AND RED | ) | |
| CLAY CONSOLIDATED SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendants. | | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR FOR AN ORDER AWARDING THE INDIVIDUAL DEFENDANTS QUALIFIED IMMUNITY

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666, 6553
Facsimile: (302) 576-3345, 3470
Email: bwilloughby@ycst.com;
       mstafford@ycst.com

Dated: October 20, 2005

061778 1004

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

STATEMENT OF FACTS .............................................................................................. 1

STANDARD OF REVIEW ............................................................................................. 3

SUMMARY OF THE ARGUMENT .............................................................................. 4

ARGUMENT .................................................................................................................. 5

I.    THE TITLE VII CLAIM AGAINST THE INDIVIDUAL DEFENDANTS IS
      NOT ACTIONABLE ........................................................................................... 5

II.   THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO AN AWARD OF
      QUALIFIED IMMUNITY .................................................................................. 6

      A.    Plaintiff Must Establish That Defendants Intentionally Violated A Clearly-
            Established Right To Subject Them to Individual Liability .......................... 6

      B.    Mongelli Has Not Alleged A Violation Of A Clearly Established Constitutional
            Right ............................................................................................................... 9

CONCLUSION ............................................................................................................. 14

i

061778 1004

# TABLE OF AUTHORITIES

Page

## Cases

Acierno v. Cloutier,
  40 F.3d 597 (3d Cir. 1994) ........................................................................... 8

Anderson v. Creighton,
  483 U.S. 635 (1987) ................................................................................. 6, 7

Assaf v. Fields,
  178 F.3d 170 (3d Cir. 1999) ........................................................................ 8

Bellamy v. Bradly,
  729 F.2d 416 (6th Cir. 1984, cert. denied, 469 U.S. 845 (1984) ................... 12

Bishop v. Okidata,
  864 F. Supp. 416 (D.N.J. 1994) .................................................................... 5

Bradford v. Huckabee,
  330 F.3d 1038 (8th Cir. 2003) ..................................................................... 9

Butz v. Economou,
  438 U.S. 478 (1978) ..................................................................................... 6

Conley v. Gibson,
  355 U.S. 41 (1957) ....................................................................................... 3

D.P. Enter. Inc. v. Bucks County Cmty. Coll.,
  725 F.2d 943 (3d Cir. 1984) ......................................................................... 3

Davis v. Passman,
  442 U.S. 228 (1979) ..................................................................................... 9

Ecke v. Atkins,
  1994 U.S. Dist. LEXIS 392 (D. Del. Jan. 12, 1994) ...................................... 8

Ellegood v. Taylor,
  2002 U.S. Dist. LEXIS 4724 (D. Del. Mar. 18, 2002) .................................. 12

Flight Sys., Inc. v. Electronic Data Sys.,
  112 F.3d 124 (3d Cir. 1997) ......................................................................... 3

Grant v. City of Pittsburgh,
  98 F.3d 116 (3d Cir. 1996) ........................................................................... 7

ii

061778 1004

Grant v. Lone Star Co.,
   21 F.3d 649 (5th Cir. 1994) ............................................................................. 5

Gruenke v. Seip,
   225 F.3d 290 (3d Cir. 2000) ............................................................................ 7

Harlow v. Fitzgerald,
   47 U.S. 800 (1982) ............................................................................................ 6

In re City of Philadelphia Litig.,
   49 F.3d 945 (3d Cir. 1995) ............................................................................... 8

Joyner v. State,
   1982 Del. Super. LEXIS 976 (Del. Super. Ct. Jan. 14, 1982) ...................... 10

Kachmar v. Sunguard Data Systems, Inc.,
   109 F.3d 173 (3d Cir. 1997) ............................................................................ 5

King v. Board of Regents,
   898 F.2d 533 (7th Cir. 1990) ....................................................................... 12

Larsen v. Senate of the Commonwealth of Pennsylvania,
   154 F.3d 82 (3d Cir. 1998) ............................................................................... 8

Lloyd v. Jefferson,
   53 F. Supp. 2d 643 (D. Del. 1999) .................................................................. 8

Malley v. Briggs,
   475 U.S. 335 (1986) .......................................................................................... 6

Martin v. Red Lion Police Dep't,
   2005 U.S. App. LEXIS 17271 (3d Cir. Aug. 16, 2005) ............................... 12

Mitchell v. Forsyth,
   472 U.S. 511 (1985) .......................................................................................... 7

Morse v. Lower Merion Sch. Dist.,
   132 F.3d 902 (3d Cir. 1997) ............................................................................ 3

Neeley v. Samis,
   183 F. Supp.2d 672 (D. Del. 2002) .............................................................. 7, 8

Oncale v. Sundower Offshore Servs.,
   523 U.S. 75 (1998) .......................................................................................... 10

Pro v. Donatucci,
   81 F.3d 1283 (3d Cir. 1996) ............................................................................ 8

DB02:5055959 1

061778 1004

Rouse v. Plantier,
  182 F.3d 192 (3d Cir.1999) ................................................................................. 7

Saucier v. Katz,
  533 U.S. 194 (2001) ........................................................................................... 7

Saville v. Houston County Healthcare Auth.,
  852 F. Supp. 1512 (M.D. Ala. 1994) ................................................................ 11

Sheridan v. E.I. DuPont de Nemours & Co.,
  100 F.3d 1061 (3d Cir. 1996) .............................................................................. 5

Siegert v. Gilley,
  500 U.S. 226 (1991) ............................................................................................ 8

Tomka v. Seiler Corp.,
  66 F.3d 1295 (2d Cir. 1995) ................................................................................ 5

Sharrar v. Felsing,
  128 F.3d 810 (3d Cir. 1997) ................................................................................ 8

Via v. Taylor,
  224 F. Supp.2d 753 (D. Del. 2002) ..................................................................... 7

Waiters v. Parsons,
  729 F.2d 233 (3d Cir. 1984) ................................................................................ 5

WE, Inc. v. City of Phila.,
  174 F.3d 322 (3d Cir. 1999) ................................................................................ 7

Williams v. Alabama State Univ.,
  102 F.3d 1179 (11th Cir. 1997) ........................................................................... 9

Wilson v. Layne,
  526 U.S. 603 (1999) ............................................................................................ 7

Wilson v. Russo,
  212 F.3d 781 (3d Cir. 2000) ................................................................................ 8

Wood v. Strickland,
  420 U.S. 308 (1975) ............................................................................................ 7

## Other Authorities

42 U.S.C. § 1983 ................................................................................. passim

Fed. R. Civ. P. 12(b)(6) ............................................................................. 5

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ................................ passim

061778.1004

## STATEMENT OF FACTS

Plaintiff, Christina Mongelli ("Mongelli"), is a teacher previously employed by Defendant Red Clay Consolidated School District ("Red Clay"). Her Complaint, D.I. 1,[1] asserts multiple causes of action against the Defendants, including claims under Title VII, 42 U.S.C. § 2000(e), et seq, for hostile environment sexual harassment (Count I) and retaliation for protected activity (Count II) as well as unlawful sex discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment (Count III).

Among the Defendants named in the Complaint are several current or former members of the Red Clay Consolidated School District's Board of Education, including Irwin J. Becnel, Jr., Charles Cavanaugh, Gary Linarducci, Loretta C. Rice, James D. Taylor, and Martin A. Wilson, Sr. These individuals are named in both their individual and official capacities. (D.I. 1 at ¶ 5). In addition, the Complaint also names Robert J. Andrzejewski, the Superintendent of the Red Clay Consolidated School District, in both his individual and official capacities. For purposes of this Motion, the above-named Defendants will be collectively referred to as "the Individual Defendants."

During the relevant time period at issue in the instant matter, Plaintiff worked as a teacher at Dickinson High School, teaching "English and Social Studies to groups of 9th grade special education students." (D.I. 1 at ¶¶ 13-14). Plaintiff's hostile environment sexual harassment claims under Title VII (Count I) and Section 1983 (Count III) are predicated on the conduct of a single, 14-year-old male special needs student, J.W. The Plaintiff admits that John Kennedy, an Assistant Principal at Dickinson High School contacted the Delaware State Police concerning J.W.'s classroom behavior on May 17, 2004. (D.I. 1 at ¶17) after he received

---

[1] References to the Complaint will be hereinafter denominated "D.I. 1 at ¶ _."

DB02:5055959 1                                                                061778 1004

information concerning J.W.'s behavior. Her Complaint does not allege that any incidents of harassment occurred after that date.

Further, it is not disputed that after Kennedy received notice of Plaintiff's concerns about J.W., J.W. was reassigned from the Plaintiff's classroom. (D.I. 10; Answer ¶9). Likewise, it is not disputed that Red Clay successfully pursued juvenile charges against J.W. in Family Court.

2

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that the legal sufficiency of a complaint may be challenged by demonstrating the plaintiff's failure to state a claim upon which relief can be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss, the court accepts "as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," viewing them "in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Although a court will accept the plaintiff's factual allegations as true, a motion to dismiss should be granted when "it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse, 132 F.3d at 906 (quoting D.P. Enter. Inc. v. Bucks County Cmty. Coll., 725 F.2d 943 (3d Cir. 1984)). In particular, a court should not consider or regard as true "conclusory allegations of law, unsubstantiated conclusions, and/or unwarranted factual inferences." Morse, 132 F.3d at 906. Moreover, dismissal is also warranted where affirmative defenses pose "insuperable barrier[s]" precluding recovery. Flight Sys., Inc. v. Electronic Data Sys., 112 F.3d 124, 127-28 (3d Cir. 1997).

061778 1004

DB02:5055959 1

## SUMMARY OF THE ARGUMENT

1.     The Title VII claims (Counts I and II) against the Individual Defendants must be dismissed because individual employees are not liable under Title VII and because Plaintiff failed to exhaust her administrative remedy.

2.     The Individual Defendants are entitled to an award of qualified immunity because the Plaintiff has not established that any of the Individual Defendants violated a clearly established constitutional right.  While it is clear that the Equal Protection Clause prohibits sex discrimination, a teacher's constitutional right to work in a classroom free from sexual harassment by troubled special education students is not clearly established.  Both the unique setting (the classroom) and the dynamics of the student-teacher relationship serve to differentiate the instant matter from typical cases of workplace hostile environment sexual harassment. Moreover, the Individual Defendants are not liable under Section 1983 merely because of their ultimate authority to control the school environment and the students therein.

DB02:5055959 1                                                                   061778 1004

**ARGUMENT**

I.    **THE TITLE VII CLAIM AGAINST THE INDIVIDUAL DEFENDANTS IS NOT ACTIONABLE.**

Plaintiff alleges that the Individual Defendants discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* and retaliated against her in response to protected activity. However, it is well settled law in the Third Circuit that Title VII does not give rise to individual liability. See e.g., Kachmar v. Sunguard Data Systems, Inc., 109 F.3d 173 (3d Cir. 1997); Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) ("we are persuaded that Congress did not intend to hold individual employees liable under Title VII."); accord Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995) (rejecting individual liability under Title VII in sexual harassment suit); Grant v. Lone Star Co., 21 F.3d 649 (5th Cir. 1994) (same).

In addition, Plaintiff's claims under Counts I and II of the Complaint against the Individual Defendants should also be dismissed because she failed to file a charge of discrimination against any of them. Therefore, the Plaintiff has failed to exhaust her administrative remedies with respect to each of the Individual Defendants – a required predicate for a suit under Title VII in federal court. Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984); Bishop v. Okidata, 864 F. Supp. 416, 424 (D.N.J. 1994) (under Title VII, only "[a] respondent named in the charge" can subsequently be sued in federal court).

Accordingly, Plaintiff's Title VII claims against the Individual Defendants are meritless and Counts I and II of the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

5

II.    **THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO AN AWARD OF QUALIFIED IMMUNITY.**

    A.    **Plaintiff Must Establish That Defendants Intentionally Violated A Clearly- Established Right To Subject Them to Individual Liability**

The defense of qualified immunity recognizes the reality that subjecting public officials to personal liability distracts those officials from their public duties, inhibits their discretionary actions, and quite possibly, deters qualified people from accepting public service. Harlow v. Fitzgerald, 47 U.S. 800, 815 (1982). As the Supreme Court has repeatedly recognized, "officials who act in ways they reasonably believe to be lawful – should not be held personally liable." Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Under the qualified immunity doctrine, the Individual Defendants are "shielded from liability for civil damages insofar as [their] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 47 U.S. at 818. The sweep of qualified immunity is necessarily broad, because it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see also Harlow, 457 U.S. at 807 ("[O]ur cases make plain that 'qualified immunity represents the norm.'"); Butz v. Economou, 438 U.S. 478, 508 (1978) ("qualified immunity from damages should be the general rule for executive officials charged with constitutional violations . . . ."). The Third Circuit has articulated a three-part test to use in determining whether a defendant is entitled to qualified immunity: (1) whether the plaintiff alleged a violation of her [statutory or] constitutional rights; (2) whether the right alleged to have been violated was clearly established at the time of the violation; and (3) whether a reasonable official knew or should have known that the alleged action violated the plaintiff's rights. Rouse

061778 1004

v. Plantier, 182 F.3d 192, 196-97 (3d Cir. 1999); Via v. Taylor, 224 F. Supp.2d 753, 771 (D. Del. 2002).; accord Gruenke v. Seip, 225 F.3d 290, 302 (3d Cir. 2000).

"Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Wilson v. Layne, 526 U.S. 603 (1999). A constitutional or statutory right is "clearly established" when it "*would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted,*" Saucier v. Katz, 533 U.S. 194, 202 (2001) (emphasis added), or when "a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640; Neeley v. Samis, 183 F. Supp.2d 672, 678 (D. Del. 2002) (describing the required inquiry as "whether a reasonable public official would know his or her *specific conduct* violated clearly established rights.") (citing Gruenke, 225 F.3d at 299 and Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996)) (emphasis in original text). Therefore, "even if the right is clearly established, officials will not be held liable if they were acting reasonably in good-faith fulfillment of their responsibilities." Gruenke, 225 F.2d at 301 (internal citations omitted). Qualified immunity "must be such that public school officials understand that the action taken . . . within the bounds of reason under all circumstances will not be punished and [those officials] need not exercise their discretion with timidity." Id. (quoting Wood v. Strickland, 420 U.S. 308, 321 (1975)).

Qualified immunity gives the Individual Defendants "*immunity from suit* rather than a mere defense to liability . . . ." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original); WE, Inc. v. City of Phila., 174 F.3d 322, 325 (3d Cir. 1999). The Individual Defendants' entitlement to qualified immunity is a question of law, Larsen v. Senate of the

7

Commonwealth of Pennsylvania, 154 F.3d 82, 87 (3d Cir. 1998), cert. denied sub nom. Nix v. Larsen, 525 U.S. 1144 (1999), and the burden is on the plaintiff to defeat their claim of qualified immunity. Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000); see also, Neeley v. Samis, 183 F. Supp.2d 672, 678 (D. Del. 2002) ("[T]he burden is on the plaintiff to produce evidence sufficient to create a genuine issue of material fact whether defendant engaged in conduct alleged to have violated a clearly established right.").

Generally, the first step in dealing with a claim of qualified immunity is to determine "whether a plaintiff has asserted a violation of a constitutional right at all." Siegert v. Gilley, 500 U.S. 226, 231 (1991); Larsen, 154 F.3d at 86; In re City of Philadelphia Litig., 49 F.3d 945, 961 (3d Cir. 1995) (quoting Acierno v. Cloutier, 40 F.3d 597, 606 n.7 (3d Cir. 1994)). Deciding "this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightfully claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." Siegert, 500 U.S. at 232; Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997). The second step in the analysis is to determine whether the "unlawfulness of the action would have been apparent to a reasonable official." Assaf v. Fields, 178 F.3d 170, 174 (3d Cir. 1999). In other words, the Individual Defendants cannot be liable unless the constitutional right allegedly violated was "'clearly established' at the time [they] acted." Acierno, 40 F.3d at 606 (citing Siegert, 500 U.S. at 232); Lloyd v. Jefferson, 53 F. Supp. 2d 643, 678 (D. Del. 1999).

Ideally, the question of qualified immunity should be decided early in the litigation process, well before discovery takes place. Pro v. Donatucci, 81 F.3d 1283, 1286 (3d Cir. 1996); Ecke v. Atkins, 1994 U.S. Dist. LEXIS 392, *17 (D. Del. Jan. 12, 1994) ("[R]esolution of whether [qualified] immunity applies is to be determined at the earliest possible

8

DB02:5055959 1                                          061778 1004

stage in litigation."). In particular, a court will award qualified immunity when, as here, the immunity can be established on the face of the complaint. <u>Bradford v. Huckabee</u>, 330 F.3d 1038, 1041 (8th Cir. 2003); <u>Williams v. Alabama State Univ.</u>, 102 F.3d 1179, 1182 (11th Cir. 1997) (motion to dismiss proper on grounds of qualified immunity where complaint failed to allege violation of an established constitutional right).

**B.    Mongelli Has Not Alleged A Violation Of A Clearly Established Constitutional Right.**

In the instant matter, the Plaintiff's sole non-Title VII claim against the Individual Defendants is contained in Count III of the Complaint, which purports to assert a cause of action under Section 1983 and the Fourteenth Amendment's Equal Protection Clause premised on the various acts of alleged "harassment" by J.W. in the classroom that she claims deprived her of a right to be "free from sex discrimination in public employment." (D.I. 1 at ¶36). The Plaintiff attempts to twist these events into a cause of action against the Individual Defendants by arguing that they had "actual, or constructive knowledge" of the alleged sexual harassment, and failed "either intentionally or with gross negligence, and with a deliberate indifference to plaintiff's rights," to intervene, to stop, or remedy the alleged harassment. <u>Id.</u>

First, while it is beyond dispute that "[i]ndividuals may bring an action pursuant to 42 U.S.C. § 1983 to vindicate their constitutional right under the equal protection clause to be free from sex discrimination in public employment," <u>Davis v. Passman</u>, 442 U.S. 228, 234-35 (1979), it is unclear, at best, whether the factual allegations contained in the Complaint constitute unconstitutional sex discrimination. A teacher's right, under the Equal Protection Clause, to work in a classroom environment free from alleged "sexual harassment" by a troubled special education student is far from clearly established. Indeed, there is no case holding that the Equal

061778.1004

Protection Clause applies to factual circumstances such as these. The classroom setting, and the relationships between a public school and its students is simply not analogous to the more prototypical hostile environment scenarios involving workplace incidents between co-workers or, for that matter, between customers and employees. Moreover, in contrast to typical sexual harassment victims, a public school teacher is in a unique position to exercise authority and control over the minor students entrusted to her care. Under Delaware law, a teacher acts *in loco parentis* for the students entrusted to her care. See e.g. Joyner v. State, 1982 Del. Super. LEXIS 976, *4 (Del. Super. Ct. Jan. 14, 1982) ("in Delaware, a teacher and/or administrator stands in loco parentis to pupils under his or her charge"). It cannot be disputed that it is irregular for a teacher to assert that acts by a special needs student for whom she has parental-type authority may create a constitutional law claim against her employer.

      The identity of the harasser, his status as a student, and the classroom setting matter because the Supreme Court has expressly "emphasized," in the Title VII context, that "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances,'" which includes the type of workplace and, in some cases, "careful consideration of the social context in which particular behavior occurs and is experienced by its target." Oncale v. Sundower Offshore Servs., 523 U.S. 75, 81 (1998). Indeed, "the real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." Id. at 81-82. The court must use its "[c]ommon sense, and an appropriate sensitivity to social context" in determining whether, under the circumstances, a reasonable person in the plaintiff's position would find particular behaviors "severely hostile or abusive." Id. at 82. The teachings of Oncale are

061778 1004

particularly relevant to this Court's determination of the Individual Defendants' entitlement to qualified immunity because they demonstrate that Mongelli has not alleged a violation of a clearly established constitutional right given this particular social context – a public school special education classroom and a teacher-special needs student relationship.

Equally important, there is no precedent under Section 1983 interpreting or applying the Equal Protection Clause's prohibition on sex discrimination to hostile environment sexual harassment claims by teachers where the alleged harasser is a student, let alone, a troubled special needs child. Given this jurisprudential void, as a matter of law, Mongelli has failed to establish a clearly established constitutional right that has been violated.

Moreover, it is far from clear that Title VII's prohibition against sexual harassment applies to a minor child entrusted to a teacher's care.[2] But even if Title VII could be so construed (a matter not yet before the Court), it is not the case that the constitutional prohibition on sex discrimination mirrors precisely Title VII's statutory claim. The Complaint shows that the Plaintiff has attempted to circumvent this fundamental distinction by simply alleging the elements of Title VII jurisprudence as if they constituted a Section 1983 cause of action. As many courts have noted, there is a distinction between sexual harassment (under Title VII) and that which could be actionable under the Equal Protection Clause. Saville v. Houston County Healthcare Auth., 852 F. Supp. 1512, 1532-33 (M.D. Ala. 1994). Under Section 1983, a defendant's liability turns on that defendant's discriminatory *intent*. In other words, unlike Title VII, "'the defendant must intend to harass'" in order for a violation of the Equal Protection Clause

---

2 For example, as the Supreme Court has taught, Title VII is not a "civility code." See Overall v. Univ. of Pa., 2003 U.S. Dist LEXIS 23892, *24 (E.D. Pa. Dec. 19, 2003) ("Title VII is not a 'general civility code for the American workplace'.") (citing Oncale, 523 U.S. at 80). If Title VII is not a general civility code for America's workplaces, then the Equal Protection Clause of the Constitution is certainly not one for public school classrooms.

DB02:5055959 1                                                                061778 1004

to occur. Id. (quoting King v. Board of Regents, 898 F.2d 533, 537 (7th Cir. 1990)). Here, there is simply no basis for an argument that the Individual Defendants intended to harass the Plaintiff. Defendants are entitled to awards of qualified immunity where, as here, a plaintiff has attempted to "extend the equal protection clause to proscribe sexual harassment to the same extent that it is proscribed by Title VII." Id.

Conversely, it is clearly established that individual liability under Section 1983 for hostile environment sexual harassment "must be based on more than the right (of a supervisor) to control employees." Bellamy v. Bradly, 729 F.2d 416, 421 (6th Cir. 1984, cert. denied, 469 U.S. 845 (1984). Instead, at a minimum, "[t]here must be a showing that [each of the individual defendants] encouraged the *specific* incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct...". Id. (emphasis added); see also Martin v. Red Lion Police Dep't, 2005 U.S. App. LEXIS 17271, *8-9 (3d Cir. Aug. 16, 2005) ("It is well-established that there is no respondeat superior liability in § 1983 actions;" Section 1983 requires the personal involvement of the named defendants); Ellegood v. Taylor, 2002 U.S. Dist. LEXIS 4724 (D. Del. Mar. 18, 2002) (Section 1983 liability requires the personal involvement of the defendants in the alleged wrongs).

Thus, a Section 1983 action against the Individual Defendants cannot merely be predicated upon their status as the ultimate, or final, supervisory or decision-making authorities for defendant Red Clay. Moreover, given that an employer has no general liability under Section 1983 for hostile environment harassment by co-workers simply because of its general ability to control the workplace, it necessarily follows that liability on a constitutional basis for hostile environment harassment of staff, by students, in the public school setting, cannot accrue to

12

Superintendents or Board of Education members merely out of their right to control or exercise authority over students.

Accordingly, the Individual Defendants are entitled to an award of qualified immunity.

DB02:5055959 1

061778 1004

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (a) dismiss the Title VII claims against the Individual Defendants; and (b) enter an order awarding qualified immunity to the Individual Defendants.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6666, 6553
Facsimile: (302) 576-3345, 3470
Email: bwilloughby@ycst.com; mstafford@ycst.com
Attorneys for Defendants

Dated:  October 20, 2005

14

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2005, I electronically filed a true and correct copy of the foregoing Defendants' Opening Brief in Support of Their Motion to Dismiss and/or for an Order Awarding the Individual Defendants Qualified Immunity with the Clerk of the Court using CM/ECF, which will send notification of such to the following counsel of record, and further that I caused a copy of same to be served by hand-delivery on the following counsel of record:

> Joseph M. Bernstein, Esquire
> 800 North King Street, Suite 302
> Wilmington, DE 19801

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> _____
> Barry M. Willoughby, Esquire (No. 1016)
> Michael P. Stafford, Esquire (No. 4461)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware  19899-0391
> Telephone: (302) 571-6666, 6553
> Facsimile: (302) 576-3345, 3470
> Email: bwilloughby@ycst.com; mstafford@ycst.com
> Attorneys for Defendants

Dated: October 20, 2005