IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI, | ) |
|     Plaintiff, | ) |
| | ) C.A. No. 05-359 SLR |
| v. | ) |
| | ) TRIAL BY JURY DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; IRWIN J. BECNEL, JR., CHARLES CAVANAUGH, GARY LINARDUCCI, LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. WILSON, SR., INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; ROBERT J. ANDRZEJEWSKI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE RED CLAY CONSOLIDATED SCHOOL DISTRICT; AND RED CLAY CONSOLIDATED SCHOOL DISTRICT, | ) |
|     Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. The allegations of this paragraph of the Amended Complaint state a legal conclusion as to which no response is required. By way of further answer, it is denied that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq., the First Amendment to the Constitution of the United States of America, the Fourteenth Amendment to the Constitution of the United States of America, or 42 U.S.C. §1983 in any respect.

2. Denied that any wrongful acts, unlawful employment practices, and/or violations of Plaintiff's civil rights occurred at any time.

## THE PARTIES

3. Admitted that Plaintiff was formerly employed by the Red Clay Consolidated School District ("RCCSD") as a teacher. Upon information and belief, Plaintiff is a white, female citizen of the United States. Defendants are without knowledge sufficient to form a belief as to Plaintiff's residence. Otherwise denied.

4. Admitted.

5. Admitted that at the time of the acts alleged in the Amended Complaint the individuals identified in this paragraph were members of the Board of Education of the Red Clay School District. By way of further answer, Defendant, James D. Taylor, is no longer a member of the Board.

6. Admitted.

7. Admitted.

## PROCEDURAL REQUIREMENTS

8. The allegations of this paragraph of the Amended Complaint state a legal conclusion as to which no response is required.

9. The allegations of this paragraph of the Amended Complaint state a legal conclusion as to which no response is required.

## FACTS COMMON TO ALL COUNTS

10. Denied as stated. By way of further answer, Plaintiff was appointed to a teaching position on February 18, 2004. The appointment was retroactively effective as of January 20, 2004. Admitted that Plaintiff's appointment was, initially, pursuant to a "temporary contract".

Admitted that the "temporary contract" was changed to a "regular contract" effective May 13, 2004.

11.     Admitted that Plaintiff held an Emergency Certificate issued by the State Board of Education for the position of "Teacher of Exceptional Children-LD, SED and MH" and that she had an "Initial License" from the State Board of Education for the position of "Teacher of Early Childhood/Primary K-4." Otherwise denied.

12.     Defendants are without knowledge sufficient to form a belief as to the time period referred to in this paragraph of the Amended Complaint as "at all times relevant hereto." By way of further answer, Defendant RCCSD was aware that Plaintiff had the aforementioned certificates during the period she was employed with the District. Otherwise, denied.

13.     Admitted.

14.     Admitted.

15.     Denied. By way of further answer, Plaintiff sent written disciplinary reports to the Assistant Principal at Dickinson High School at various times. On many occasions, however, she did not send the reports contemporaneous with the alleged acts of student disruption. Defendants are without knowledge as to the identity of the "administrative personnel at Dickinson High School" referred to in the third sentence of this paragraph of the Amended Complaint and therefore cannot admit or deny the allegation.

16.     The written reports referred to in this paragraph speak for themselves. To the extent that Plaintiff's characterization of her written reports are inconsistent in letter or spirit

with the allegations of this paragraph of the Amended Complaint, they are denied. By way of further answer, see response to paragraph 15 above.

17. Admitted that John Kennedy contacted the Delaware State Police on or about May 17, 2004. By way of further answer, the Assistant Principal at Dickinson was not contemporaneously informed of Plaintiff's contentions with respect to offensive touching by a student. After Plaintiff reported the incident, prompt remedial measures were taken including reporting the allegations to the police and removal of the student from Plaintiff's class.

18. Admitted upon information and belief.

19. Admitted upon information and belief.

## CLAIMS ARISING UNDER TITLE VII

### Count One – Sexual Harassment

20. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 19 as if fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

### Count Two - Retaliation

28. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 27 as if fully set forth herein.

29. Admitted that Plaintiff was sent a letter dated June 17, 2004 which speaks for itself.

30. Denied.

31. Denied.

32. Denied.

### CLAIMS ARISING UNDER 42 U.S.C. §1983

### Count Three – Sex Discrimination/Sexual Harassment

33. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 32 as if fully set forth herein.

34. The allegations of this paragraph of the Amended Complaint state a legal conclusion as to which no response is required. By way of further answer, it is denied that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et. seq., the Fourteenth Amendment to the Constitution of the United States of America, or 42 U.S.C. §1983 in any respect.

35. Denied.

36. Denied.

DB02:5098985.1                                                               061778.1004

37. Denied.

### Count Four - Retaliation

38. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 37 as if fully set forth herein.

39. Admitted that Plaintiff was sent a letter dated June 17, 2004 which speaks for itself.

40. Denied.

41. Denied.

42. Denied.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendants made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from asserting her claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the individual Defendants are barred by the doctrine of qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Individual Defendants are barred as a matter of law because individuals are not liable to Plaintiff under 42 U.S.C. § 1983. In the alternative, and without limiting the foregoing, Plaintiff cannot as a matter of law establish the requisite intent or causal link between the conduct of any individual and the complaints she makes in the Amended Complaint in order to establish liability under 42 U.S.C.§ 1983.

## NINTH AFFIRMATIVE DEFENSE

Defendants would have made the same decisions and taken the same actions toward Plaintiff absent any alleged consideration of any allegedly impermissible motivating factor.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant, Red Clay Consolidated School District, had in effect at all relevant times a procedure for employees to

address claims of harassment or other discriminatory or retaliatory treatment, and Defendants exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

WHEREFORE, Defendants respectfully request that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/
                Barry M. Willoughby, Esquire (No. 1016)
                Michael P. Stafford, Esquire (No. 4461)
                The Brandywine Building
                1000 West Street, 17th Floor
                P.O. Box 391
                Wilmington, DE 19899-0391
                (302) 571-6666; (302) 576-3345
                Email: bwilloughby@ycst.com; mstafford@ycst.com
                Attorneys for Defendants

Dated: November 16, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2005, I electronically filed a true and correct copy of the Answer and Affirmative Defenses to First Amended Complaint, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Joseph M. Bernstein, Esquire
> 800 North King Street, Suite 302
> Wilmington, DE 19801

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/
>
> Barry M. Willoughby, Esquire (No. 1016)
> Michael P. Stafford, Esquire (No. 4461)
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6666; (302) 576-3345
> bwilloughby@ycst.com, mstafford@ycst.com
> Attorneys for Defendants

Dated: November 16, 2005

DB02:5098985.1                                                                 061778.1004