IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTINA MONGELLI,                              )
                                                 )
    Plaintiff,                                   )
                                                 )    C.A. No. 05-359 SLR
v.                                               )
                                                 )    TRIAL BY JURY
RED CLAY CONSOLIDATED SCHOOL DISTRICT            )    DEMANDED
BOARD OF EDUCATION; IRWIN J. BECNEL, JR.,        )
CHARLES CAVANAUGH, GARY LINARDUCCI,              )
LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A.      )
WILSON, SR., INDIVIDUALLY AND IN THEIR           )
OFFICIAL CAPACITIES AS MEMBERS OF THE RED        )
CLAY CONSOLIDATED SCHOOL DISTRICT BOARD          )
OF EDUCATION; ROBERT J. ANDRZEJEWSKI,            )
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY        )
AS SUPERINTENDENT OF THE RED CLAY                )
CONSOLIDATED SCHOOL DISTRICT; AND RED            )
CLAY CONSOLIDATED SCHOOL DISTRICT,               )
                                                 )

    Defendants.

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR FOR AN ORDER AWARDING THE INDIVIDUAL DEFENDANTS QUALIFIED IMMUNITY

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666, 6553
Facsimile: (302) 576-3345, 3470
Email: bwilloughby@ycst.com;
mstafford@ycst.com

Dated:  December 16, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

STATEMENT OF FACTS ................................................................................................... 3

STANDARD OF REVIEW ................................................................................................. 5

SUMMARY OF THE ARGUMENT .................................................................................. 6

ARGUMENT ...................................................................................................................... 7

I.     COUNT IV OF THE COMPLAINT FAILS TO STATE A FIRST
       AMENDMENT RETALIATION CLAIM BECAUSE MONGELLI'S
       SPEECH DID NOT INVOLVE A MATTER OF PUBLIC CONCERN ............... 7

II.    THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO AN AWARD
       OF QUALIFIED IMMUNITY. ............................................................................ 10

A.     Plaintiff Must Establish That Defendants Intentionally Violated A Clearly-
       Established Right To Subject Them to Individual Liability .................................. 10

B.     Mongelli Has Not Alleged A Violation Of A Clearly Established Constitutional
       Right ...................................................................................................................... 13

CONCLUSION ................................................................................................................. 15

DB02:5127535.1                                                                                                    061778.1004

# TABLE OF AUTHORITIES

## Cases

Acierno v. Cloutier,
   40 F.3d 597 (3d Cir. 1994) ............................................................................................ 12

Anderson v. Creighton,
   483 U.S. 635 (1987) ...................................................................................................... 10

Assaf v. Fields,
   178 F.3d 170 (3d Cir. 1999) ........................................................................................ 13

Azzaro v. County of Allegheny,
   110 F.3d 968 (3d Cir. 1997) ...................................................................................... 7, 9

Brown-Scott v. Hartford Bd. of Educ.,
   51 Fed. Appx. 70 (2d Cir. 2002) ................................................................................... 8

Butz v. Economou,
   438 U.S. 478 (1978) ...................................................................................................... 11

Callaway v. Hafeman,
   832 F.2d 414 (7th Cir. 1987) ....................................................................................... 9

Conley v. Gibson,
   355 U.S. 41 (1957) ......................................................................................................... 5

Connick v. Myers,
   461 U.S. 138 (1983) .................................................................................................... 7, 8

D.P. Enter. Inc. v. Bucks County Cmty. Coll.,
   725 F.2d 943 (3d Cir. 1984) .......................................................................................... 5

Ecke v. Atkins,
   1994 U.S. Dist. LEXIS 392 (D. Del. Jan. 12, 1994) .................................................. 13

Flight Sys., Inc. v. Electronic Data Sys.,
   112 F.3d 124 (3d Cir. 1997) .......................................................................................... 5

Fogarty v. Boles,
   121 F.3d 886 (3d Cir. 1997) .......................................................................................... 7

Grant v. City of Pittsburgh,
   98 F.3d 116 (3d Cir. 1996) .......................................................................................... 11

Gruenke v. Seip,
   225 F.3d 290 (3d Cir. 2000)............................................................................................. 11

Harlow v. Fitzgerald,
   47 U.S. 800 (1982)......................................................................................................... 10

In re City of Philadelphia Litig.,
   49 F.3d 945 (3d Cir. 1995)............................................................................................. 12

Larsen v. Senate of the Commonwealth of Pennsylvania,
   154 F.3d 82 (3d Cir. 1998), cert. denied sub nom.
   Nix v. Larsen, 525 U.S. 1144 (1999)............................................................................. 12

Lloyd v. Jefferson,
   53 F. Supp. 2d 643 (D. Del. 1999)................................................................................. 13

Malley v. Briggs,
   475 U.S. 335 (1986)....................................................................................................... 10

Mitchell v. Forsyth,
   472 U.S. 511 (1985)....................................................................................................... 12

Morgan v. Ford,
   6 F.3d 750 (11th Cir. 1993) ............................................................................................. 9

Morse v. Lower Merion Sch. Dist.,
   132 F.3d 902 (3d Cir. 1997)............................................................................................. 5

Neeley v. Samis,
   183 F. Supp.2d 672 (D. Del. 2002)......................................................................... 11, 12

Pickering v. Bd. of Educ.,
   391 U.S. 563 (1968)......................................................................................................... 7

Pro v. Donatucci,
   81 F.3d 1283 (3d Cir. 1996)........................................................................................... 13

Roe v. Antle,
   964 F. Supp. 1522 (D.N.M. 1997) .................................................................................. 9

Rouse v. Plantier,
   182 F.3d 192 (3d Cir.1999)........................................................................................... 11

Saucier v. Katz,
   533 U.S. 194 (2001)....................................................................................................... 11

Sharrar v. Felsing,
      128 F.3d 810 (3d Cir. 1997)...................................................................................... 12

Siegert v. Gilley,
      500 U.S. 226 (1991)..................................................................................... 12, 13

Via v. Taylor,
      224 F. Supp.2d 753 (D. Del. 2002)............................................................... 11

Watters v. Philadelphia,
      55 F.3d 886 (3d Cir. 1995).............................................................................. 8

WE, Inc. v. City of Phila.,
      174 F.3d 322 (3d Cir. 1999).......................................................................... 12

Williams v. Alabama State Univ.,
      102 F.3d 1179 (11th Cir. 1997) .................................................................... 13

Wilson v. Layne,
      526 U.S. 603 (1999)....................................................................................... 11

Wilson v. Russo,
      212 F.3d 781 (3d Cir. 2000)........................................................................... 12

Wood v. Strickland,
      420 U.S. 308 (1975)....................................................................................... 12

Zelinski v. Pa. State Police,
      282 F. Supp. 2d 251 (M.D. Pa. 2002), aff'd in rel. part,
      108 Fed. Appx. 700 (3d Cir. 2004)................................................................. 9

**Other Authorities**

Civil Rights Act of 1964,
      42 U.S.C. § 2000e(2)(a).............................................................................1, 2, 3

Federal Rule of Civil Procedure 12(b)(6) ................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

This action arises under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(2)(a), the First Amendment of the United States Constitution, and the Fourteenth Amendment of the United States Constitution. Plaintiff is seeking a declaratory judgment, general and special compensatory damages, including back pay, front pay, and fringe benefits. Plaintiff is also seeking punitive damages, interest, costs, and attorneys' fees.

Plaintiff filed her initial Complaint on June 22, 2005 in the United States District Court for the District of Delaware. (D.I. 1). Defendants answered on August 6, 2005 (D.I. 2), and subsequently filed a Motion to Dismiss and/or for an Order Awarding the Individual Defendants Qualified Immunity. (D.I. 3). Following the filing of the Opening Brief on Defendants' Motion, Plaintiff filed a First Amended Complaint (D.I. 7) on October 31, 2005 (hereinafter the "Amended Complaint"). The Amended Complaint names Defendants Red Clay Consolidated School District Board of Education, Red Clay Consolidated School District (hereinafter collectively "Red Clay" or "the District"); Irwin J. Becnel, Jr., Charles Cavanaugh, Gary Linarducci, Loretta C. Rice, James D. Taylor, and Martin A. Wilson, Sr. (each of whom is a current or former member of the Red Clay Consolidated School District Board of Education), and Robert J. Andrzejewski, the Superintendent of the Red Clay Consolidated School District. These individuals are named in both their individual and official capacities. (D.I. 7 at ¶ 5). For purposes of this Motion, the above-named Defendants will be collectively referred to as "the Individual Defendants."

1

061778.1004

Plaintiff did not seek leave of Court to file the Amended Complaint. Therefore, the parties entered into a stipulation to allow for its filing. (D.I. 8). In the stipulation, Plaintiff affirmed that she had "withdrawn with prejudice her claims previously asserted against the Individual Defendants, in both their individual and official capacities, under Title VII of the Civil Rights Act of 1964" and "under the Fourteenth Amendment to the United States Constitution." (D.I. 8).

Defendants filed an Answer to the Amended Complaint on November 16, 2005 (D.I. 9), and a Motion to Dismiss and/or for an Order Awarding the Individual Defendants Qualified Immunity (D.I. 10) (hereinafter, the "Motion"). This is Defendants' Opening Brief in Support of their Motion.

2

## STATEMENT OF FACTS

Although Defendants strongly dispute Plaintiff's description of her employment with and departure from Red Clay, for purposes of this motion only[1], the truthfulness of Plaintiff's allegations must be accepted. Accordingly, for purposes of ruling on this Motion, the Court should consider the following alleged facts.

Plaintiff, Christina Mongelli ("Mongelli"), is a teacher previously employed by Defendant Red Clay. Her Amended Complaint, D.I. 7,[2] asserts multiple causes of action against the Defendants, including claims under Title VII, 42 U.S.C. § 2000(e), *et seq.*, for hostile environment sexual harassment (Count I) and retaliation for protected activity (Count II), for unlawful sex discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment (Count III), and for retaliation in violation of the First Amendment (Count IV).

During the relevant time period at issue in the instant matter, Plaintiff worked as a teacher at Dickinson High School, teaching "English and Social Studies to groups of 9th grade special education students." (D.I. 7 at ¶¶ 13-14). Plaintiff's hostile environment sexual harassment claims under Title VII (Count I) and Section 1983 (Count III) are predicated on the conduct of a single, 14-year-old male special needs student, (hereinafter referred to as "J.W."). Moreover, her alleged complaints of "sexual harassment" upon which her First Amendment retaliation claim is predicated are in reality mere written disciplinary referrals regarding J.W.'s "disruptive behavior" in the classroom (D.I. 7 at ¶ 15-16). Although, Plaintiff does allege that she made verbal complaints regarding J.W.'s

---

[1]     For purposes of this motion only, the well-pleaded allegations of Plaintiff's complaint are assumed to be true, as required by Fed. R. Civ. P. 12(b)(6) and 12(c).

[2] References to the Amended Complaint will be hereinafter denominated "D.I. 1 at ¶ _."

3

conduct to Dickinson High School administrators, she specifically states in her Amended Complaint that she merely "made verbal complaints... concerning alleged disruptive behavior by JW." (D.I. 7 at ¶ 15). Conspicuously absent from the Amended Complaint is any allegation that Mongelli ever made a sexual harassment complaint to any administrator concerning J.W.'s classroom behavior, or informed any administrator that she believed that she was being sexually harassed.

In addition, the Plaintiff admits that John Kennedy, an Assistant Principal at Dickinson High School, contacted the Delaware State Police concerning J.W.'s classroom behavior on May 17, 2004 (D.I. 7 at ¶17) after he received information concerning J.W.'s behavior. Her amended Complaint does not allege that any incidents of harassment occurred after that date.

Further, it is not disputed that after Kennedy received notice of Plaintiff's concerns about J.W., J.W. was reassigned from the Plaintiff's classroom. (D.I. 9 at ¶17). Likewise, it is not disputed that Red Clay successfully pursued juvenile charges against J.W. in Family Court. (D.I. 7 at ¶ 18-19).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that the legal sufficiency of a complaint may be challenged by demonstrating the plaintiff's failure to state a claim upon which relief can be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When considering a motion to dismiss, the court accepts "as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," viewing them "in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Although a court will accept the plaintiff's factual allegations as true, a motion to dismiss should be granted when "it appears to a certainty that no relief could be granted under any set of facts which could be proved." Morse, 132 F.3d at 906 (quoting D.P. Enter. Inc. v. Bucks County Cmty. Coll., 725 F.2d 943 (3d Cir. 1984)). In particular, a court should not consider or regard as true "conclusory allegations of law, unsubstantiated conclusions, and/or unwarranted factual inferences." Morse, 132 F.3d at 906. Moreover, dismissal is also warranted where affirmative defenses pose "insuperable barrier[s]" precluding recovery. Flight Sys., Inc. v. Electronic Data Sys., 112 F.3d 124, 127-28 (3d Cir. 1997).

061778.1004

## SUMMARY OF THE ARGUMENT

1.      Mongelli's First Amendment claim (Count IV) against the Defendants must be dismissed because she did not engage in any speech involving a matter of public concern.  In order to be protected by the First Amendment of the United States Constitution, a public employee's speech must involve a matter of public concern.  Here, Mongelli's "speech" involved private, personal grievances concerning the classroom conduct of a single student – J.W.  Moreover, her purported "speech" reveals that it is based on disciplinary referral forms and "verbal complaints to administrative personnel at Dickinson High School concerning alleged disruptive behavior by JW."  (D.I. 7 at ¶ 15-16).  Plaintiff is now attempting to transform written disciplinary referrals and verbal complaints regarding "disruptive behavior" in the classroom into speech protected by the First Amendment.

2.      The Individual Defendants are entitled to an award of qualified immunity because the Plaintiff has not established that any of the Individual Defendants violated a clearly established constitutional right.  While it is clear that the First Amendment prohibits retaliation for protected speech, which may in some circumstances include complaints of sexual harassment, a teacher's constitutional right to First Amendment protection in the submission of disciplinary referral forms and in verbal complaints of "disruptive behavior" in the classroom, involving troubled special education students, is not clearly established.  Moreover, it is not clearly established that Plaintiff's speech involved a matter of public concern, as opposed to her own personal, private grievances.

6

ARGUMENT

## I.    COUNT IV OF THE COMPLAINT FAILS TO STATE A FIRST AMENDMENT RETALIATION CLAIM BECAUSE MONGELLI'S SPEECH DID NOT INVOLVE A MATTER OF PUBLIC CONCERN

In Count IV of her Complaint, Mongelli alleges that the Defendants violated the free speech clause of the First Amendment[3] by retaliating against her for her complaints "about the sexual harassment of the plaintiff by JW." (D.I. 7 at ¶ 41). Her complaints, of course, were the submission of various written disciplinary referrals, and "verbal complaints to administrative personnel at Dickinson High School concerning alleged disruptive behavior by JW." (D.I. ¶ 15-16).

It is well-established that a public employee's speech is only protected by the First Amendment if two conditions are met. First, the speech must involve "matters of public concern." Connick v. Myers, 461 U.S. 138, 147-48 (1983). This is to be determined by examining the content, form, and context of the speech. Id. Second, the value of the employee's speech must "outweigh" the government's interest in the effective and efficient fulfillment of its responsibilities to the public. Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968); Azzaro v. County of Allegheny, 110 F.3d 968, 976 (3d Cir. 1997) (quoting Connick, 461 U.S. at 147-48). "[I]n the absence of protected speech, a public employee may be discharged even if the action is unfair, or the reasons are alleged to be mistaken or unreasonable.'" Fogarty v. Boles , 121 F.3d 886, 889 (3d Cir. 1997) (quoting Connick 461 U.S. at 146).

The Supreme Court in Pickering stated that balancing is required because the government has an interest in "promoting the efficiency of the public services it performs

---

[3]    The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech, . . . ."  U.S. Const. Amend. I.

7

through its employees." <u>Pickering</u>, 391 U.S. at 568; <u>Watters v. Philadelphia</u>, 55 F.3d 886, 892 (3d Cir. 1995). The determination as to whether the plaintiff can establish these two conditions exist is a legal issue for the Court to resolve. <u>Connick</u>, 461 U.S. at 148 n.7.

Here, a review of the Amended Complaint demonstrates the inherently private and personal nature of Mongelli's complaints. Paragraphs 15 and 16 of the Amended Complaint indicate that Plaintiff's concerns focused on the "disruptive" or inappropriate behavior of a single special needs student within her classroom. Indeed, Mongelli did not publicly raise any allegations of sexual harassment until she filed her initial Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 23, 2004.

Of course, classroom disciplinary referrals and verbal complaints about a special needs student's disruptive behavior do not discuss matters of public concern. The referrals, and J.W.'s behavior in general, are a quintessentially private concern particular to Mongelli. Moreover, the verbal and written complaints of disruptive and inappropriate behavior were not complaints of sexual harassment, but rather related to classroom disciplinary issues. However, even if the verbal and written statements were complaints of sexual harassment, as many courts have noted, seeking remedies only for personal harm, such as Mongelli has done, simply does not satisfy the constitutional "matter of public concern" standard. <u>See</u> <u>Brown-Scott v. Hartford Bd. of Educ.</u>, 51 Fed. Appx. 70, 71 (2d Cir. 2002) ("discrimination complaint did not involve a matter of public concern where it "was focused entirely on her personnel situation and had not been filed to implicate any system-wide problem with" the district); <u>Morgan v. Ford</u>, 6 F.3d 750, 754-

8

where it "was focused entirely on her personnel situation and had not been filed to implicate any system-wide problem with" the district); <u>Morgan v. Ford</u>, 6 F.3d 750, 754-55 (11th Cir. 1993) (holding that female employee's complaints of sex harassment were designed to improve her own working conditions, rather than to raise issues of public concern); <u>Callaway v. Hafeman</u>, 832 F.2d 414, 417 (7th Cir. 1987) (employee's private complaints of sexual harassment were not matter of public concern); <u>Roe v. Antle</u>, 964 F. Supp. 1522, 1529 (D.N.M. 1997) ("opposition to discrimination against oneself, because almost exclusively relating to a personal dispute, does not touch on matters of public concern").  Indeed, the Third Circuit has taken the position "that retaliation for a harassment complaint does not necessarily involve a matter of public concern, because the complaint may simply raise a private matter that is unprotected by the First Amendment." <u>Zelinski v. Pa. State Police</u>, 282 F. Supp. 2d 251, 273 n.22 (M.D. Pa. 2002), <u>aff'd in rel. part</u>, 108 Fed. Appx. 700, 708 (3d Cir. 2004); <u>Azzaro v. County of Allegheny</u>, 110 F.3d 968, 979 (3d Cir. 1997) ("Under this view, if the employee's purpose was primarily to solve her own personal problem, the fact that her statement would be of value to the process of self- governance does not make the speech public concern speech.").

Finally, it is also significant that Mongelli did not air her complaints of classroom sexual harassment to the public, but rather communicated them solely to district administrative personnel.  As many courts have noted, while not dispositive of whether an employee's speech regards a matter of public concern, a plaintiff's failure to even attempt to publicly disclose her grievances suggests that her speech was not a matter of public concern.  <u>See e.g.</u> <u>Morgan</u>, 6 F.3d at 754 n.5.

9

Here, as with the plaintiff in Morgan, Mongelli's claims were designed to improve her own working conditions. Indeed, they were devoted merely to her own personal classroom behavior management problems involving a single, special education student – J.W. As such, Mongelli has not engaged in speech on any matter of public concern, and Count IV of the Complaint should be dismissed.

## II.    THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO AN AWARD OF QUALIFIED IMMUNITY.

### A.    Plaintiff Must Establish That Defendants Intentionally Violated A Clearly Established Right To Subject Them to Individual Liability

The defense of qualified immunity recognizes the reality that subjecting public officials to personal liability distracts those officials from their public duties, inhibits their discretionary actions, and quite possibly, deters qualified people from accepting public service. Harlow v. Fitzgerald, 47 U.S. 800, 815 (1982). As the Supreme Court has repeatedly recognized, "officials who act in ways they reasonably believe to be lawful – should not be held personally liable." Anderson v. Creighton, 483 U.S. 635, 641 (1987).

Under the qualified immunity doctrine, the Individual Defendants are "shielded from liability for civil damages insofar as [their] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. " Harlow, 47 U.S. at 818. The sweep of qualified immunity is necessarily broad, because it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see also Harlow, 457 U.S. at 807 ("[O]ur cases make plain that 'qualified immunity represents the norm.'"); Butz v.

10

Economou, 438 U.S. 478, 508 (1978) ("qualified immunity from damages should be the general rule for executive officials charged with constitutional violations . . . ."). The Third Circuit has articulated a three-part test to use in determining whether a defendant is entitled to qualified immunity: (1) whether the plaintiff alleged a violation of her [statutory or] constitutional rights; (2) whether the right alleged to have been violated was clearly established at the time of the violation; and (3) whether a reasonable official knew or should have known that the alleged action violated the plaintiff's rights. Rouse v. Plantier, 182 F.3d 192, 196-97 (3d Cir.1999); Via v. Taylor, 224 F. Supp.2d 753, 771 (D. Del. 2002); accord Gruenke v. Seip, 225 F.3d 290, 302 (3d Cir. 2000).

"Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Wilson v. Layne, 526 U.S. 603 (1999). A constitutional or statutory right is "clearly established" when it "*would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted*," Saucier v. Katz, 533 U.S. 194, 202 (2001) (emphasis added), or when "a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640; Neeley v. Samis, 183 F. Supp.2d 672, 678 (D. Del. 2002) (describing the required inquiry as "whether a reasonable public official would know his or her *specific conduct* violated clearly established rights.") (citing Gruenke, 225 F.3d at 299 and Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996) (emphasis in original text). Therefore, "even if the right is clearly established, officials will not be held liable if they were acting reasonably in good-faith fulfillment of their responsibilities." Gruenke, 225 F.2d at 301 (internal citations omitted). Qualified immunity "must be such that public school

11

officials understand that the action taken . . . within the bounds of reason under all circumstances will not be punished and [those officials] need not exercise their discretion with timidity." Id. (quoting Wood v. Strickland, 420 U.S. 308, 321 (1975).

Qualified immunity gives the Individual Defendants "*immunity from suit* rather than a mere defense to liability . . . ." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original); WE, Inc. v. City of Phila., 174 F.3d 322, 325 (3d Cir. 1999). The Individual Defendants' entitlement to qualified immunity is a question of law, Larsen v. Senate of the Commonwealth of Pennsylvania, 154 F.3d 82, 87 (3d Cir. 1998), cert. denied sub nom. Nix v. Larsen, 525 U.S. 1144 (1999), and the burden is on the plaintiff to defeat their claim of qualified immunity. Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000); see also, Neeley v. Samis, 183 F. Supp.2d 672, 678 (D. Del. 2002) ("[T]he burden is on the plaintiff to produce evidence sufficient to create a genuine issue of material fact whether defendant engaged in conduct alleged to have violated a clearly established right.").

Generally, the first step in dealing with a claim of qualified immunity is to determine "whether a plaintiff has asserted a violation of a constitutional right at all." Siegert v. Gilley, 500 U.S. 226, 231 (1991); Larsen, 154 F.3d at 86; In re City of Philadelphia Litig., 49 F.3d 945, 961 (3d Cir. 1995) (quoting Acierno v. Cloutier, 40 F.3d 597, 606 n.7 (3d Cir. 1994). Deciding "this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightfully claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." Siegert 500 U.S. at 232; Sharrar v. Felsing, 128 F.3d 810, 826 (3d Cir. 1997). The second step in the analysis is to determine

12

whether the "unlawfulness of the action would have been apparent to a reasonable official." Assaf v. Fields, 178 F.3d 170, 174 (3d Cir. 1999). In other words, the Individual Defendants cannot be liable unless the constitutional right allegedly violated was "'clearly established' at the time [they] acted." Acierno, 40 F.3d at 606 (citing Siegert, 500 U.S. at 232); Lloyd v. Jefferson, 53 F. Supp. 2d 643, 678 (D. Del. 1999).

Ideally, the question of qualified immunity should be decided early in the litigation process, well before discovery takes place. Pro v. Donatucci, 81 F.3d 1283, 1286 (3d Cir. 1996); Ecke v. Atkins, 1994 U.S. Dist. LEXIS 392, *17 (D. Del. Jan. 12, 1994) ("[R]esolution of whether [qualified] immunity applies is to be determined at the earliest possible stage in litigation."). In particular, a court will award qualified immunity when, as here, the immunity can be established on the face of the complaint., Williams v. Alabama State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997) (motion to dismiss proper on grounds of qualified immunity where complaint failed to allege violation of an established constitutional right).

### B.   Mongelli Has Not Alleged A Violation Of A Clearly Established Constitutional Right.

In the instant matter, the Plaintiff's sole claim against the Individual Defendants is contained in Count IV of the Amended Complaint, which purports to assert a cause of action under Section 1983 and the First Amendment's Free Speech Clause for retaliation against her for her various verbal and written complaints of disruptive or inappropriate classroom behavior by J.W. (D.I. 7 at ¶15-16, 39-41). The Plaintiff attempts to twist her statements regarding J.W.'s behavior into a cause of action against the Individual Defendants by arguing they constituted complaints about sexual harassment that are protected by the First Amendment. (D.I. 7 at ¶ 41).

13

Of course, as discussed *supra*, it is far from clearly established that Plaintiff engaged in any speech protected by the First Amendment, or involving a matter of public concern. Moreover, it would not be clear to a reasonable official that Mongelli's verbal complaints about J.W.'s alleged disruptive behavior, or her written disciplinary referrals, constituted speech protected by the First Amendment.

Accordingly, the Individual Defendants are entitled to an award of qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court:
(a) dismiss Count IV of the Amended Complaint; or, alternatively, (b) enter an order
awarding qualified immunity to the Individual Defendants.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6666; 6553
Facsimile: (302) 576-3345; 3470
Email: bwilloughby@ycst.com; mstafford@ycst.com
Attorneys for Defendants

Dated:  December 16, 2005

15

061778 1004

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2005, I electronically filed a true and correct copy

of the foregoing Defendants' Opening Brief in Support of Their Motion to Dismiss and/or for an

Order Awarding the Individual Defendants Qualified Immunity with the Clerk of the Court

using CM/ECF, which will send notification of such to the following counsel of record, and

further that I caused a copy of same to be served by hand-delivery on the following counsel of

record:

Joseph M. Bernstein, Esquire
800 North King Street, Suite 302
Wilmington, DE 19801


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666, 6553
Facsimile: (302) 576-3345, 3470
Email: bwilloughby@ycst.com; mstafford@ycst.com
Attorneys for Defendants


Dated: December 16, 2005

061778 1004