IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI, </br></br> Plaintiff, </br></br> v. </br></br> RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; IRWIN J. BECNEL, JR., CHARLES CAVANAUGH, GARY LINARDUCCI, LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. WILSON, SR., INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; ROBERT J. ANDRZEJEWSKI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE RED CLAY CONSOLIDATED SCHOOL DISTRICT; AND RED CLAY CONSOLIDATED SCHOOL DISTRICT, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) C.A. No. 05-359 SLR </br> ) </br> ) </br> ) TRIAL BY JURY </br> ) DEMANDED </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS AND/OR FOR AN ORDER AWARDING
THE INDIVIDUAL DEFENDANTS QUALIFIED IMMUNITY**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666, 6553
Facsimile: (302) 576-3345, 3470
Email: bwilloughby@ycst.com;
mstafford@ycst.com

Dated: January 31, 2006

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

ARGUMENT ............................................................................................................................. 1

I.  COUNT IV MUST BE DISMISSED BECAUSE CLASSROOM DISCIPLINARY REFERRALS ARE NOT CONSTITUTIONALLY PROTECTED SPEECH ................... 1

   A.  Plaintiff's attempt to equate disciplinary referrals for disruptive behavior with workplace complaints of sexual harassment must be rejected ........................... 1

   B.  Azzaro and Zelinski demonstrate that Mongelli's "speech" did not relate to a matter of public concern ........................................................................ 2

II. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO AN AWARD OF QUALIFIED IMMUNITY .................................................................................................. 4

CONCLUSION ........................................................................................................................... 5

## TABLE OF AUTHORITIES

Page

**Cases**

Azzaro v. County of Allegheny,
   110 F.3d 968 (3d Cir. 1997) ................................................................................ 2, 3, 4

Hope v. Pelzer,
   536 U.S. 730 (2002) ..................................................................................................... 4

Oncale v. Sundowner Offshore Servs., Inc.,
   523 U.S. 78 (1998) ....................................................................................................... 2

Overall v. Univ. of Pa.,
   2003 U.S. Dist LEXIS 23892,
   (E.D. Pa. 2003) ............................................................................................................ 2

Zelinski v. Pennsylvania State Police,
   108 Fed. Appx. 700 (3d Cir. 2004) ......................................................................... 3, 4

**Other Authorities**

14 Del. C. § 701 ................................................................................................................ 1

# ARGUMENT

## I. COUNT IV MUST BE DISMISSED BECAUSE CLASSROOM DISCIPLINARY REFERRALS ARE NOT CONSTITUTIONALLY PROTECTED SPEECH.

### A. Plaintiff's attempt to equate disciplinary referrals for disruptive behavior with workplace complaints of sexual harassment must be rejected.

Count IV of the Complaint asks this Court to equate a teacher's disciplinary referrals regarding the disruptive behavior of a 14-year-old special needs student with workplace complaints regarding sexual harassment. Should the Court accept their equivalency, Mongelli further asks it to cloak such mundane disciplinary referrals with constitutional protection as relating to matters of public concern. Neither request has merit. Both ignore the realities of teachers' authority over the students in their care.

Plaintiff's attempt to twist disciplinary referrals regarding a 14-year-old special needs student into complaints of workplace sexual harassment ignores the fundamental reality of the student-teacher relationship. Teachers' unique position of authority vis-a-vis their students, *in loco parentis*, distinguishes the instant matter from more traditional workplace hostile environment jurisprudence. In Delaware, a teacher's authority to control his or her classroom has a statutory basis. 14 Del. C. § 701. Section 701 specifically gives teachers, such as Mongelli, the right to remove students for "disruptive behavior" in the classroom. As a result, it is not surprising that Plaintiff has cited no authority for the proposition that a teacher's disciplinary referrals are protected by the First Amendment. None exists.

To adopt the Plaintiff's position and hold that the disciplinary referrals at issue here are speech protected by the First Amendment would be to constitutionalize a whole range of mundane internal communications between administrators and staff in our public schools. Such constitutionalization is unwarranted. As the Supreme Court has taught, Title VII is not a

"civility code." See Overall v. Univ. of Pa., 2003 U.S. Dist LEXIS 23892, *24 (E.D. Pa. 2003) ("Title VII is not a 'general civility code for the American workplace'.") (citing Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 78, 80 (1998)). If Title VII is not a general civility code for America's workplaces, then the Constitution is certainly not one for her public school classrooms. Plaintiff's attempt to make it one by cloaking disciplinary referrals in the First Amendment should be rejected.

### B. Azzaro and Zelinski demonstrate that Mongelli's "speech" did not relate to a matter of public concern.

In the alternative, even if the Court accepts Plaintiff's argument that her disciplinary referrals were complaints of sexual harassment, Count IV of the Amended Complaint must still be dismissed because those complaints did not relate to a matter of public concern. In this regard, the cases relied on by Plaintiff in her Answering Brief are easily distinguished from the instant matter.

Plaintiff primarily relies on Azzaro v. County of Allegheny, 110 F.3d 968, 975-981 (3d Cir. 1997) (*en banc*), in support of her argument that Mongelli's disciplinary referrals related to matters of public concern. While it is true that the Azzaro court ultimately held that the sexual harassment complaints at issue in that case did relate to matters of public concern, the very quotes utilized by the Plaintiff distinguish it from our case. It is important to remember that Azzaro arose in the context of complaints about an employee working directly for an elected official. Id. at 978. In that context, the plaintiff's reports of harassment were a public concern because the electorate needed to know about them in order to intelligently make an informed vote. Mongelli's case is completely different. Mongelli's disciplinary referrals do not relate to discriminatory harassment "practiced by those exercising authority in the name of a public official" but rather to the disruptive behavior of a lone juvenile special needs student over whom

she had authority. Id. Similarly, Mongelli did not bring "to light actual wrongdoing on the part of one exercising public authority that would be relevant to the electorate's evaluation of the performance of the office of an elected official." Id.

Plaintiff also ignores Zelinski v. Pennsylvania State Police, 108 Fed. Appx. 700 (3d Cir. 2004) in her Answering Brief. The facts involved in Zelinski are far more analogous to those of the instant matter than those of the Azzaro case. In Zelinski, the Third Circuit affirmed the district court's grant of summary judgment on the plaintiff's First Amendment retaliation claim. 108 Fed. Appx. at 707. In rejecting Zelinski's First Amendment claim, the Thrid Circuit specifically distinguished Azzaro, noting that Zelinski had merely complained about inappropriate conduct by a non-supervisory co-worker, that neither worked "directly under any elected official," and that Zelinski's complaints were not relevant "to the electorate's evaluation of the performance of the office of any elected official." Id. at 707-08. The Third Circuit went on to state that:

> While speech about sexual harassment and other discrimination is certainly important, neither the form, context, nor content of Zelinski's speech support a finding that it addressed a matter of public concern. Zelinski did not make a public speech about the evils of sexual harassment; she, instead, stated in an informal conversation that a non-supervisory co-worker made improper sexual advances toward her.... This conversation, while protected under Title VII, has little or no "instrumental value to the community in enabling self governance," and thus does not appear to have addressed a matter of sufficient public concern to warrant First Amendment protection.

Id. at 708 (internal citations omitted) (quoting Azzaro, 110 F.3d at 977).

Plaintiff has therefore ignored the crucial emphasis on the context of the communications and their "value to the process of self-government." Azzaro, 110 F.3d at 979. A review of Azzaro and Zelinski shows that not *all* complaints of workplace sexual harassment by public employees are protected by the First Amendment. Here, *nothing* in "the content or

3

circumstances" of the private communications alleged in the Amended Complaint indicates that those communications were "relevant to the process of self-government." Instead, the "content, form, and context" of Plaintiff's statements regarding a special education student show that her purported speech did not relate to a matter of public concern, but rather to a personal grievance.

## II.  THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO AN AWARD OF QUALIFIED IMMUNITY.

Defendants pointed out in their Opening Brief, that the Individual Defendants are entitled to an award of qualified immunity because it is not clearly established that verbal and written disciplinary reports regarding a special needs student's classroom misbehavior constitutes speech protected by the First Amendment. Further, as pointed out, *supra*, Plaintiff's Answering Brief is devoid of any case authority extending the constitutional protections of the First Amendment to teacher disciplinary referrals.

While it is true that "officials can still be on notice that their conduct violates established law even in novel factual circumstances," Hope v. Pelzer, 536 U.S. 730, 741 (2002), here, Plaintiff's claims involve an expansion of the law, not the application of established law to new facts. Moreover, as noted *supra*, Azzaro does not establish "that plaintiff's speech was a matter of public concern and entitled to protection under the First Amendment." (Answering Brief at 14). Indeed, a comparison of Azzaro and Zelinski leads inevitably to the contrary conclusion. Here, a reasonable official would *not* have known that the Plaintiff's disciplinary referrals were speech protected by the First Amendment since there is no authority suggesting that it is.

Given the absence of such authority, the Individual Defendants are entitled to an award of qualified immunity.

4

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (a) dismiss Count IV of the Amended Complaint; or, alternatively, (b) enter an Order awarding qualified immunity to the Individual Defendants.

        Respectfully submitted,

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        /s/ *signature*
        Barry M. Willoughby, Esquire (No. 1016)
        Michael P. Stafford, Esquire (No. 4461)
        The Brandywine Building
        1000 West Street, 17th Floor
        P.O. Box 391
        Wilmington, Delaware  19899-0391
        Telephone: (302) 571-6666; 6553
        Facsimile: (302) 576-3345; 3470
        Email: bwilloughby@ycst.com; mstafford@ycst.com
        Attorneys for Defendants

Dated:  January 31, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2006, I electronically filed a true and correct copy of the foregoing Defendants' Reply Brief in Support of Their Motion to Dismiss and/or for an Order Awarding the Individual Defendants Qualified Immunity with the Clerk of the Court using CM/ECF, which will send notification of such to the following counsel of record, and further that I caused a copy of same to be served by hand-delivery on the following counsel of record:

>Joseph M. Bernstein, Esquire
>800 North King Street, Suite 302
>Wilmington, DE 19801

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ B——
>
>Barry M. Willoughby, Esquire (No. 1016)
>Michael P. Stafford, Esquire (No. 4461)
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, Delaware 19899-0391
>Telephone: (302) 571-6666, 6553
>Facsimile: (302) 576-3345, 3470
>Email: bwilloughby@ycst.com; mstafford@ycst.com
>Attorneys for Defendants

Dated: January 31, 2006