IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI,<br>　　Plaintiff,<br><br>　　v.<br><br>RED CLAY CONSOLIDATED SCHOOL DISTRICT<br>BOARD OF EDUCATION; IRWIN J. BECNEL, JR.,<br>CHARLES CAVANAUGH, GARY LINARDUCCI,<br>LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A.<br>WILSON, SR., INDIVIDUALLY AND IN THEIR<br>OFFICIAL CAPACITIES AS MEMBERS OF THE RED<br>CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF<br>EDUCATION; ROBERT J. ANDRZEJEWSKI,<br>INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS<br>SUPERINTENDENT OF THE RED CLAY<br>CONSOLIDATED SCHOOL DISTRICT; AND RED CLAY<br>CONSOLIDATED SCHOOL DISTRICT,<br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>C.A. No. 05-359 SLR<br><br>TRIAL BY JURY DEMANDED |

## ORDER

This　　　　　day of　　　　　, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.　**Pre-Discovery Disclosures.** The parties are to exchange by **May 10, 2006,** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.　**Discovery.**

(a)　Discovery will be needed on the following subjects: *(brief description of subject on which discovery will be needed).*

061778 1004

**(i) Plaintiff's Statement:**

(1) The defendant's policies and procedures for processing and resolving complaints concerning sexual harassment;

(2) The defendant's policies and procedures for processing and resolving teacher complaints concerning disruptive behavior by students;

(3) Information concerning the history of any teacher complaints concerning JW's behavior during his tenure as a student in the defendant school district;

(4) The facts and circumstances concerning the decision to terminate plaintiff's employment.

(5) Any subjects listed by the defendants set forth below.

**(ii) Defendants' Statement.**

(A) Facts and circumstances surrounding Plaintiff's hiring, performance, position, and responsibilities;

(B) Facts and circumstances surrounding Plaintiff's knowledge of Defendant's sexual harassment policies;

(C) Facts and circumstances surrounding Plaintiff's classroom management techniques and knowledge of student discipline policies and procedures;

(D) Facts and circumstances surrounding all disciplinary referrals and student discipline matters involving the Plaintiff;

(E) Facts and circumstances surrounding Defendant's response to reports of J.W.'s classroom behavior;

2

(F) Facts and circumstances surrounding Plaintiff's alleged damages and failure to mitigate her damages;

(G) Facts and circumstances showing Defendants made a good faith effort to comply with applicable law, acted lawfully, and with legitimate, non-discriminatory business reasons that were not a pretext for discrimination;

(H) Facts and circumstances surrounding all disciplinary action taken against, or reprimands given to, the Plaintiff;

(I) Facts and circumstances concerning Plaintiff's educational and employment background;

(J) Facts and circumstances surrounding the allegations in the Complaint, Answer, and Affirmative Defenses, filed in this action;

(K) Facts and circumstances surrounding all disciplinary action taken against, or reprimands given to, the Plaintiff;

(L) Facts and circumstances surrounding the decision not to renew Plaintiff's employment contract; and

(M) All subjects listed in Plaintiff's Statement above.

(b) All discovery shall be commenced in time to be completed by **November 30, 2006**.

(c) Maximum of 25 interrogatories by each party to any other party.

(d) Maximum of 25 requests for admission by each party to any other party.

(e) Maximum of **10** depositions by plaintiff and **10** by defendant.

(f) Each deposition, limited to a maximum of **7 hours** unless extended by agreement of parties, except that each party shall designate one witness who may be deposed for a maximum of **14 hours**.

DB02:5165287 1                                                                 061778 1004

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **September 30, 2006.** Rebuttal expert reports due by **October 31, 2006.**

(h) **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motion to join other parties, amend the pleadings, and certify a class action shall be filed on or before **February 28, 2006.**

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of alternative dispute resolution (ADR).

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **January 5, 2007.** Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to changers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine.** All motions in <u>limine</u> shall be filed on or before **14 days** prior to the trial date. Responses to said motions shall be filed on or before **7 days** prior to the trial date.

4

8. **Pretrial Conference.** A pretrial conference will be held on _____, **2007** at

___:__0 __.m in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington,

Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial

conference.

9. **Trial.** This matter is scheduled for a **four-day jury** trial commencing on _____,

**2007** in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.

For purposes of completing pretrial preparations, the parties should plan on being allocated a

total number of hours in which to present their respective cases.


_____
Judge Sue L. Robinson

5