IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHRISTINA MONGELLI,**<br>　Plaintiff,<br><br>　　v.<br><br>**RED CLAY CONSOLIDATED SCHOOL**<br>**DISTRICT BOARD OF EDUCATION,** *et al.*<br>　Defendants. | :<br>:<br>:<br>: Civil Action No. 05-359 SLR<br>:<br>:<br>:<br>:<br>: |

## MOTION IN LIMINE

The Plaintiff moves that the Defendants be prohibited from admitting in evidence in the trial any evidence or argument that the alleged sexual harassment of the plaintiff by JW was the product of a behavioral disability for which the defendants are not legally responsible.

### Factual Background

JW was a student in a special education class taught by the plaintiff. The alleged acts of sexual harassment committed by JW are detailed in Paragraph 16 of the Amended Complaint. It is anticipated that the defendants will not dispute that the alleged acts occurred, but will argue that he acts were a product of JW's behavioral disability and therefore either do not constitute sexual harassment, or was conduct for which the defendants are not responsible.

### Argument

Although this precise issue appears to be one of first impression in this Circuit, other federal court have rejected as a matter of law arguments that are similar to the defendants anticipated arguments. See, *Peries v. N.Y. City Bd. of Education*, 2001 U.S. Dist. LEXIS 23393, *15-*18 (E.D.N.Y. 2001) (rejecting defendants claim they were not responsible for national origin hostile work environment created by special education students because defendants were severely limited by rules and regulations governing the suspensions of special education students). In *Crist v. Focus Homes*, 122 F.3d 1107, 1112 (8th Cir. 1997), the court of appeals reversed a grant of summary judgment in favor of the employer and held:

> The district court rejected the appellants' claim on two bases. It held that, given the unique set of facts, particularly J.L.'s severe

developmental disabilities, his conduct could not constitute sexual harassment. Even if it did, according to the district court, Focus Homes could not be held responsible for his behavior because it could not control the behavior. Although we recognize that this case proposes a unique application of Title VII and the MHRA, the district court's misplaced emphasis on J.L.'s inability to form intent, rather than on Focus Homes' responsibility to its employees, sweeps too broadly. The court's ruling essentially permits a residential care provider like Focus Homes to tell its employees that they assume the risk of working with developmentally disabled individuals and that they have no right to expect a safe working environment.

Even if JW's acts of sexual harassment were somehow a product of his behavioral disability, what counts is whether the conduct created a hostile work environment. The "intent" of JW, or the fact that his conduct may have been caused by a behavioral disability is not relevant to any claim or possible defense in the case and should be excluded.

      */s/ Joseph M. Bernstein*
JOSEPH M. BERNSTEIN (#780)
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
Attorney for Plaintiff

Dated: May 21, 2007