IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI,<br><br>           Plaintiff,<br><br>v.<br><br>RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; IRWIN J. BECNEL, JR., CHARLES CAVANAUGH, GARY LINARDUCCI, LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. WILSON, SR., INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; ROBERT J. ANDRZEJEWSKI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE RED CLAY CONSOLIDATED SCHOOL DISTRICT; AND RED CLAY CONSOLIDATED SCHOOL DISTRICT,<br><br>           Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 05-359-SLR<br>)<br>) TRIAL BY JURY<br>) DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE CONCERNING JW'S CHARGE AND FAMILY COURT DISPOSITION

Defendants hereby move to exclude any documents, testimony or evidence concerning JW's charge in the Family Court of the State of Delaware and the disposition of such charge:

1. In this highly unusual "sexual harassment" case, Plaintiff, a former special education teacher at Dickinson High School, has alleged that the "harasser" is a freshman special education student she taught. For the protection of the student, he has been referred to as "JW" in this litigation.

2. Plaintiff's Exhibits 21, 22, and 23 seek to place before the jury documents dealing with JW's Family Court record. It is anticipated that Plaintiff also will seek to elicit testimony from witnesses such as Officer Noel on this subject as well.

3.   Testimony or evidence concerning Family Court charges and their disposition is irrelevant under FRE 401, and hence inadmissible under FRE 402. The Family Court did not adjudicate the charges against JW until August 4, 2004, well after the end of the school year. The Family Court proceeding is entirely separate and distinct from Plaintiff's allegations of harassment under Title VII of the Civil Rights Act of 1964. Such testimony is irrelevant and, even if marginally relevant, substantially more prejudicial than probative. It is also likely to lead to jury confusion.

4.   First, under Delaware law, Family Court proceedings are civil in nature, G. D. v. State, Del. Supr., 389 A.2d 764 (1978), and intended to remediate behavior by minor children. Delaware law specifically provides:

> § 1002. Delinquent child not criminal; prosecution limited.
> Except as provided in § 1010, no child shall be deemed a criminal by virtue of an allegation or adjudication of delinquency, nor shall a child be charged with or prosecuted for a crime in any other court. In this Court the nature of the hearing and all other proceedings shall be *in the interest of rather than against the child.*

10 Del. C. § 1002

5.   The Family Court makes an adjudication of "delinquency." Offenses do not constitute a criminal conviction. Since the statutory purpose and the Family Court's mission is to act "in the interests of the child," the Court must consider many circumstances, not just the incident that led to the proffering of charges in making such an adjudication. The Family Court finding is therefore irrelevant and concerns collateral issues.

6.   Second, the state criminal statute is designed to regulate the conduct of individuals, not the conduct of employers. A number of statutory charges were brought against JW. The statutory "sexual harassment" misdemeanor charge set forth at 11 Delaware Code § 763 is entirely different from an allegation of a hostile environment based on gender under Title

VII. If JW were an adult charged criminally under the statute, rather than a minor under the jurisdiction of the Family Court, he could be convicted if he merely caused "alarm" to the victim. Notably, even then, the Delaware Supreme Court has ruled that a violation of 11 Del. C. § 763 does not create a civil cause of action against the individual "harasser." See Brett v. Berkowitz, Del. Supr. 706 A.2d 509 (1998). A conviction under 11 Del. C. § 763 is, therefore, of no consequence even if JW were an adult.

7. Title VII, on the other hand, regulates the conduct of employers as entities, not the conduct of individuals. Indeed, individual "harassers" are not even liable under Title VII. The employer is not strictly liable for the harasser's conduct. The conduct must be severe and pervasive. In addition, the employer must have failed to act in reasonably prompt fashion to remedy the problem once it became known. Thus, even aside from JW's status as a juvenile, the state statutory charge has no bearing on Plaintiff's hostile work environment claims here.

8. Under Title VII, the EEOC defines "sexual harassment" as:

> (a) Harassment on the basis of sex is a violation of section 703 of Title VII. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.
>
> (b) In determining whether alleged conduct constitutes sexual harassment, the Commission will look at the record as a whole and at the totality of the circumstances, such as the nature of the sexual advances and the context in which the alleged incidents occurred. The determination of the legality of a particularly action will be made from the facts, on a case by case basis.

29 CFR § 1604.11.

9. Admitting evidence of the Family Court's delinquency adjudication of JW is therefore likely to cause jury confusion because a jury is likely to believe or infer the Family Court finding constitutes an adjudication of sexual harassment or a hostile work environment under Title VII as well. Documents or testimony concerning the Family Court proceeding are, therefore, inadmissible because it is confusing and a waste of time under FRE 403.

10. Evidence regarding the Family Court proceedings is also inadmissible because its probative value, if any, is substantially outweighed by the danger of unfair prejudice to Defendants under FRE 403. Plaintiff's only purpose in admitting such evidence is to prejudice the jury against Defendants based on the Family Court's adjudication of JW's juvenile offenses. As noted above, the Family Court proceedings against JW individually are an entirely irrelevant collateral proceeding.

WHEREFORE, Defendants request that Plaintiff be prohibited from introducing at trial any evidence concerning Family Court charges against JW or the disposition of such charges.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Attorneys for Defendants

Dated: May 23, 2007