IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RED CLAY CONSOLIDATED SCHOOL DISTRICT )<br>BOARD OF EDUCATION; IRWIN J. BECNEL, JR., )<br>CHARLES CAVANAUGH, GARY LINARDUCCI, )<br>LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. )<br>WILSON, SR., individually and in their official capacities as )<br>members of the Red Clay Consolidated School District Board )<br>of Education; ROBERT J. ANDRZEJEWSKI, individually )<br>and in his official capacity as Superintendent of the Red Clay )<br>Consolidated School District; AND RED CLAY )<br>CONSOLIDATED SCHOOL DISTRICT, )<br>)<br>Defendants. )<br>) | C.A. No. 05-359-SLR<br><br>TRIAL BY JURY DEMANDED |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY
EVIDENCE CONCERNING ANY ALLEGED MISCONDUCT
AND/OR BEHAVIOR BY JW THAT IS NOT OF A SEXUAL NATURE**

Defendants hereby move to exclude any evidence concerning or referring to any alleged misconduct and/or behavior of JW's that is not of a sexual nature:

1. In this highly unusual "sexual harassment" case, Plaintiff, a former special education teacher at Dickinson High School, has alleged that the "harasser" is a freshman special education student she taught. For the protection of the student, he has been referred to as JW in this litigation.

2. Plaintiff's representations in the Pre-Trial order show that she seeks to place before the jury testimony concerning (a) alleged past misconduct that JW has purportedly engaged in and (b) other classroom misbehavior by JW that is not of a sexual nature. Plaintiff's

apparent purpose is to prejudice the jury towards Defendants by painting JW as a child who has a propensity to engage in bad behaviors.

    3.    The only relevant evidence concerning JW's conduct pertains to the classroom conduct that constitutes sexual harassment under Title VII. "Hostile environment" sexual harassment is defined by the EEOC as "[u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when … such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 29 C.F.R. § 1604.11. It is well-established that Title VII is not a "civility code," *Overall v. Univ. of Pa.*, No. 02-1628, 2003 U.S. Dist LEXIS 23892, at *24 (E.D. Pa. Dec. 19, 2003) ("Title VII is not a 'general civility code for the American workplace'.") (citing *Oncale v. Sundower Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)), and that mere "unpleasant or boorish behavior is not prohibited by Title VII." *Hendricks v. Ill. Dep't of Human Servs.*, 80 Fed. Appx. 489, 491 (7th Cir. 2003). General classroom misbehavior by a student and a student's alleged past misconduct that is not of a sexual nature is simply irrelevant to proving Plaintiff's Title VII claim.

    4.    Testimony or evidence concerning any alleged misconduct or bad behavior of JW's that is not of a sexual nature is therefore irrelevant under Fed. R. Evid. 401, and hence inadmissible under Fed. R. Evid. 402, because such evidence would not have any tendency "to make the existence of any fact that is of consequence" to Plaintiff's Title VII hostile work environment sexual harassment or retaliation allegations "more or less probable."

    5.    Evidence or testimony concerning any alleged misconduct and/or behavior of JW's that is not of a sexual nature is also inadmissible because it is confusing and a waste of time under Fed. R. Evid. 403. Here, evidence or testimony concerning any alleged misconduct

and/or behavior of JW's that is not of a sexual nature would in all likelihood confuse the jury and would, due to the collateral nature of the issue noted *supra*, needlessly waste the time of both the Court and the jury.

6. Evidence regarding any alleged misconduct and/or behavior of JW's that is not of a sexual nature is also inadmissible because its probative value, if any, is substantially outweighed by the danger of unfair prejudice to Defendants. Fed. R. Evid. 403. Specifically, any evidence or testimony regarding any alleged misconduct and/or behavior of JW's that is not of a sexual nature would likely prejudice the jury towards Defendants, thus making them more apt to find for the Plaintiff merely out of dislike or disapproval of JW and his alleged actions.

WHEREFORE, Defendants respectfully request that Plaintiff be prohibited from introducing at trial any evidence concerning any alleged misconduct and/or behavior of JW's that is not of a sexual nature.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Attorneys for Defendants

Dated: May 23, 2007