IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINA MONGELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-359-SLR |
| v. ) | |
| ) | TRIAL BY JURY DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT ) | |
| BOARD OF EDUCATION; IRWIN J. BECNEL, JR., ) | |
| CHARLES CAVANAUGH, GARY LINARDUCCI, ) | |
| LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. ) | |
| WILSON, SR., individually and in their official capacities as ) | |
| members of the Red Clay Consolidated School District Board ) | |
| of Education; ROBERT J. ANDRZEJEWSKI, individually ) | |
| and in his official capacity as Superintendent of the Red Clay ) | |
| Consolidated School District; AND RED CLAY ) | |
| CONSOLIDATED SCHOOL DISTRICT, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S MOTION IN LIMINE

The Plaintiff has moved for the exclusion of certain evidence or argument that the alleged sexual harassment of the Plaintiff by JW was the product of a behavioral disability for which the Defendants are not legally responsible. Defendants object to the exclusion of this evidence on the following grounds:

1.  The Plaintiff must prove that JW's conduct occurred because of Plaintiff's sex in order for it to constitute sexual harassment prohibited by Title VII. *Oncale v. Sundower Offshore Servs*, 523 U.S. 75, 78 (1998).

2.  The evidence concerning the motivating factor leading to JW's conduct is relevant and admissible because it will demonstrate that the actions the Plaintiff claims constitute sexual harassment did not occur because of her sex.

3. The cases relied on by Plaintiff are inapposite. Here, the evidence regarding the causation and motivation of JW's behavior is being offered in order to show that the conduct which constitutes the alleged sexual harassment did not occur because of the Plaintiff's gender. Whether or not Defendants are exempt from Title VII liability for JW's conduct because of the rules and regulations governing the discipline of special education students, as in *Peries v. N.Y. City Bd. of Educ.*, 97 CV 7109 (ARR), 2001 U.S. Dist. LEXIS 23393, *15-18 (E.D.N.Y. Aug. 6, 2001) is a separate and distinct question. Similarly, the Defendants are not arguing that JW lacked the ability to form an intent, as was argued in *Crist v. Focus Homes*, 122 F.3d 1107, 1112 (8th Cir. 1997), but rather that his conduct simply did not occur because of Plaintiff's sex.

4. In addition, when analyzing whether the alleged sexual harassment was severe or pervasive enough to create a hostile work environment, the jury must determine how a reasonable person in the same position would have been detrimentally affected. *Richards v. City of Wilmington*, No. 03-106-SLR, 2004 U.S. Dist. LEXIS 4987, *11-12 (D. Del. Mar. 24 2004). Indeed, the U.S. Supreme Court has expressly "emphasized," that in the Title VII context, "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances,'" which includes the type of workplace and, in some cases, "careful consideration of the social context in which particular behavior occurs and is experienced by its target." *Oncale v. Sundower Offshore Servs.*, 523 U.S. 75, 81 (1998). As the Supreme Court recognized, "the real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." *Id.* at 81-82.

5. JW's status as a special-needs student, his behavioral disabilities, and the special education classroom setting in which the alleged harassment occurred are directly relevant to the jury's analysis of whether a reasonable person in the Plaintiff's position would find JW's behaviors and statements to be severely hostile or abusive. Indeed, Mongelli admitted at her deposition that JW's behavior was not particularly unusual for special needs students, and that she had experienced similar conduct before when she was a substitute teacher in New York. (Appendix to Defendants' Opening Brief in Support of Their Motion for Summary Judgment, D.I. 63 at A52).

6. JW's status as a special needs student, his behavioral disabilities, and the special education classroom setting are also relevant to the jury's consideration of the social context in which the alleged harassment occurred, particularly in light of Mongelli's own admission that such behavior is not unusual for special education students. (D.I. 63 at A52).

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion in Limine.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Barry M. Willoughby*
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19879-0391
Telephone: (302) 571-6666; 571-6553
Facsimile (302) 576-3345; 576-3470
bwilloughby@ycst.com; mstafford@ycst.com
Attorneys for Defendants

Dated: May 30, 2007