IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA MONGELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-359-SLR |
| | ) | |
| RED CLAY CONSOLIDATED SCHOOL | ) | TRIAL BY JURY DEMANDED |
| DISTRICT BOARD OF EDUCATION; | ) | |
| IRWIN J. BECNEL, JR., CHARLES | ) | |
| CAVANAUGH, GARY LINARDUCCI, | ) | |
| LORETTA C. RICE, JAMES D. TAYLOR, | ) | |
| MARTIN A. WILSON, SR., | ) | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | ) | |
| CAPACITIES AS MEMBERS OF THE RED | ) | |
| CLAY CONSOLIDATED SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION; | ) | |
| ROBERT J. ANDRZEJEWSKI, | ) | |
| INDIVIDUALLY AND IN HIS OFFICIAL | ) | |
| CAPACITY AS SUPERINTENDENT OF | ) | |
| THE RED CLAY CONSOLIDATED | ) | |
| SCHOOL DISTRICT; AND RED CLAY | ) | |
| CONSOLIDATED SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PRETRIAL STIPULATION AND ORDER**

    **(1)**    **A statement of the nature of the action, the pleadings in which the issues are raised and whether counterclaims, cross-claims, etc., are involved.**

**Plaintiff's Statement:**

The Plaintiff, Christina Mongelli ("Mongelli") was formerly employed as a special education

teacher by the defendant Red Clay Consolidated School District ("District") and defendant Red

Clay Consolidated School District Board of Education ("Board").[1]   Mongelli's claims against the District and the Board arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., ("Title VII") based on alleged hostile work environment sexual harassment and retaliation for protected activity.   In Counts I and III of the First Amended Complaint, (D.I. 15 ), it is alleged that Mongelli was subjected to a hostile work environment in violation of Title VII. It is also alleged that the acts giving rise to the hostile work environment sexual harassment were committed by one "JW," a student in one of plaintiff's special education classes.  In Count II of the First Amended Complaint, Mongelli alleges that the Board and District  violated her rights under Title VII in terminating her employment because her termination was made in retaliation for her complaints about the sexual harassment committed by JW.  The plaintiff is seeking backpay and  compensatory damages for her injuries.

There are no counterclaims or cross-claims involved in this case.

**Defendant's Statement:**

Defendants deny that Plaintiff was subjected to hostile work environment sexual harassment while employed as a special education teacher at John Dickinson High School.  JW's behavior was simply neither severe nor pervasive enough to alter the terms and conditions of her employment.   A reasonable person in the same position as the Plaintiff- a female special education teacher standing *in loco parentis* to her students-  would not have been detrimentally affected by JW's behavior.

Defendants deny that Plaintiff reported sexual harassment.  She filed no complaint under the Student Code of Conduct, the District's Sexual Harassment Policy applicable to employees, nor did she file a grievance under the collective bargaining agreement.  Plaintiff simply sent

---

[1] See Section (14) below.  The only proper Defendant is the Board of Education of the Red Clay Consolidated School District.  Conforming changes should be made throughout the document.

student disciplinary referrals forms for a special needs student who engaged in disruptive behavior.

Defendants exercised reasonable care to prevent and correct promptly any misconduct by JW and further, that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants.

Defendants also deny that Plaintiff's teaching contract was rescinded in retaliation for protected activity. First, Plaintiff did not engage in any protected activity. Second, there is no causal link between any protected activity and the Defendants decision not to renew her teaching contract. Defendants terminated Plaintiff's employment because she failed to take required steps to maintain a valid classroom teaching certificate.

> **(2)     The basis of Federal jurisdiction, together with a brief statement of the facts supporting such jurisdiction.**

**Plaintiff's Statement:**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 and 42 U.S.C. §2000e-5(f)(3) to secure protection of and redress the deprivation of rights secured by: (a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., and the Civil Rights Act of 1991, Pub. L. 102-166 (hereinafter "Title VII"), providing for relief against racial, religious, national origin and sex discrimination in employment. The jurisdictional prerequisites to the maintenance of this action under Title VII have been complied with, to wit: a charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on or about July 23, 2004, within 180 days of the commission of the unfair employment practice; a Notice of Right to Sue was received from the U.S. Department of Justice, Civil Rights Division on April 13, 2005; the Complaint was filed within 90 days of the receipt of the Notice of Right to Sue.

3

(b) The acts, unlawful employment practices and violations of plaintiff's civil rights alleged herein were committed within the State of Delaware.

**Defendant's Statement:**

Defendants agree that this Court has jurisdiction over this action. Plaintiff has withdrawn her claims under the Fourteenth Amendment and 42. U.S.C. § 1983.

     **(3)    The following facts are not disputed or have been agreed to or stipulated to by the parties:**

The parties agree to present testimony during the trial concerning undisputed facts.

     **(4)    A statement of the issues of fact which any party contends remain to be litigated.**

**Plaintiff's Statement:**

1. Whether JW's conduct constituted sexual harassment and gave rise to a hostile work environment in violation of Title VII.

2. Whether the defendant are liable to the plaintiff for JW's conduct.

3. Did the plaintiff's complaints to the school administration concerning JW's conduct amount to a "protected activity" under the anti-retaliation provisions of Title VII?

4. What was the reason that the plaintiff's teaching contract was not renewed for the 2004-2005 school year.

5. Whether any non-discriminatory reason proffered by the defendants for not renewing plaintiff's contract was a pretext for a retaliatory motive.

**Defendant's Statement:**

1. Whether Plaintiff's working conditions constituted a hostile environment under Title VII.

          

2.      Whether Plaintiff made a valid report of sexual harassment under Title VII.

3.      Whether Plaintiff can establish that her alleged treatment by JW was motivated by her sex or gender or instead was a manifestation of his disability.

4.      Whether Plaintiff unreasonably failed to make use of Defendant's internal policy against discrimination/harassment or avoid harm otherwise.

5.      Whether Defendants took prompt remedial action upon becoming aware of JW's alleged harassment.

6.      Whether Plaintiff had classroom management problems.

7.      Whether Plaintiff made any progress towards the attainment of a standard teaching certificate as required by the Delaware Department of Education in order for the emergency certificate to remain valid.

8.      Whether Plaintiff engaged in any activity protected by Title VII.

9.      The nature and extent of the damages, if any, allegedly suffered by Plaintiff.

**(5)      A statement of the issues of law which any party contends remain to be litigated.**

**Plaintiff's Statement:**

1.  What are the elements of a hostile work environment sexual harassment claim under Title VII?  See, *Meritor Savings Bank, FSB v. Vinson*, 477 U.S.57, 65-66 (1986) (sexual harassment that creates a hostile or offensive environment for one sex is actionable under Title VII);  *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 n. 3 (3d Cir. 1990) ("[t]he intent to discriminate on the basis of sex in cases involving sexual propositions, innuendo, pornographic materials, or sexually derogatory language is implicit, and thus should be recognized as a matter of course").

2.  What is the legal basis for imposing liability on the defendants for conduct committed by JW?  See, 29 *C.F.R.* §1604.11(e);  *Peries v. N.Y. City Bd. of Education*, 2001 U.S. Dist. LEXIS 23393 (E.D.N.Y. 2001).

3.  What are the elements of a "retaliation" claim under Title VII?  See, *Kachmar v. Sungard Data Systems, Inc.*, 109 F.3d 173, 177 (3d Cir. 1999).

4.  Did the re-hiring of the plaintiff by the defendants in January 2005 cut off any entitlement to backpay after that date?  See, *Spencer v. Wal-Mart Stores, Inc.*, 469 F.3d 311, 316 (3d Cir. 2006) (back pay is an equitable remedy to be awarded within the discretion of the court). *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982) (an employer charged with discrimination can toll the continuing accrual of back pay liability by unconditionally offering plaintiff the job, and the underemployed or unemployed plaintiff cannot reasonably refuse).

**Defendant's Statement:**

1.     Defendants reserve all issues in their Motion for Summary Judgment.

2.     Whether Plaintiff's working conditions constituted a hostile working environment.  *See e.g., Harris v. Forklift sys., Inc.*, 510 U.S. 17 (1993); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Oncale v. Sundower Offshore Servs.*, 523 U.S. 75 (1998); *Pennsylvania State Police v. Suders*, 124 S. Ct. 2342 (2004); *Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990); *King v. City of Philadelphia*, No. 02-2845, 2003 U.S. App. LEXIS 6290 (3d Cir. Apr. 1, 2003).

3.     Whether Plaintiff reported sexual harassment under Title VII. *Id.*

4.     Whether Plaintiff can establish that her alleged treatment by JW was motivated by her sex or gender or instead was a manifestation of his disability. *Oncale v. Sundower Offshore Servs.*, 523 U.S. 75 (1998).

5.     Whether the alleged harassment by JW was severe or pervasive. *See e.g., Harris v. Forklift sys., Inc.*, 510 U.S. 17 (1993); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Oncale v. Sundower Offshore Servs.*, 523 U.S. 75 (1998); *Pennsylvania State Police v. Suders*, 124 S. Ct. 2342 (2004); *Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990); *King v. City of Philadelphia*, No. 02-2845, 2003 U.S. App. LEXIS 6290 (3d Cir. Apr. 1, 2003).

6.     Whether the alleged harassment by JW would have detrimentally affected a reasonable person in the Plaintiff's position. *Richards  v. City of Wilmington*, No. 03-106-SLR, 2004 U.S. Dist. LEXIS 4987 (D. Del. Mar. 24, 2004).

7.     Whether Plaintiff unreasonably failed to make use of Defendants internal policy against discrimination/harassment. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

8.     Whether Plaintiff engaged in any protected activity?  *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253 (4th Cir. 1998); *Curay-Cramer v. Ursuline Academy of Wilm., Del., Inc.*, 450 F.3d 130 (3d Cir. 2006).

9.     Whether Plaintiff can rebut the legitimate non-discriminatory reasons for the non-renewal of her contract? *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Kachmar v. Sungard Data Sys., Inc.*, 109 F.3d 173 (3d Cir. 1999); *Krouse v. American Sterilizer Co.*, 126 F.3d 494 (3d Cir. 1997); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061 (3d Cir. 1996).

10.     Whether Plaintiff can show that Defendants legitimate non-discriminatory reasons were false and/or pretextual?  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Kachmar v. Sungard Data Sys., Inc.*, 109 F.3d 173 (3d Cir. 1999); *Krouse v. American Sterilizer*

*Co.*, 126 F.3d 494 (3d Cir. 1997); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061 (3d Cir. 1996).

11.    Whether Plaintiff can show that a causal connection exists between her purported protected activity and the decision not to renew her contract. *Richards  v. City of Wilmington*, No. 03-106-SLR, 2004 U.S. Dist. LEXIS 4987 (D. Del. Mar. 24, 2004); *Ferguson v. E.I. DuPont de Nemours and Co.*, 560 F. Supp. 1172 (D. Del. 1983).

12.    The nature and extent of the damages allegedly suffered by Plaintiff?

13.    Whether Plaintiff failed to mitigate her damages? *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982); *Caufield v. Ctr. Area Sch. Dist.*, 133 Fed. Appx. 4 (3d Cir. 2005).

**(6)    A list of pre-marked exhibits, including designations of interrogatories and answers thereto, requests for admissions and responses, which each party intends to offer at the trial with a specification of those which will be admitted in evidence without objection, those that will be objected to and the Federal Rules of Evidence in support of said objection and the Federal Rule of Evidence relied upon by the proponent of the exhibit.**

### Plaintiff's Exhibits

| PX # | Description | Objection | Response |
|------|-------------|-----------|----------|
| 1 | Temporary Education Employee Contract Dates 1/20/2004; D24 | | |
| 2 | Mongelli Initial License Dated 1/20/2004; D25 | | |
| 3 | Mongelli Initial License Dated 1/20/2004; D26 | | |
| 4 | Department of Education Letter to Mongelli Dated 4/12/2004; D230-231 | | |
| 5 | Department of Education Letter to Mongelli Dated 4/12/2004; D232-233 | | |
| 6 | Carmack Memo to Davenport Dated 1/30/2004; D29-32 | | |

8

| PX # | Description | Objection | Response |
|------|-------------|-----------|----------|
| 7 | Professional Education Employee Contract Dated 5/13/04; D116-117 | | |
| 8 | JW Student Behavior Referral Dated 3/1/2004; D78 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 9 | JW Student Behavior Referral Dated 3/2/2004; D77 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 10 | JW Student Behavior Referral Dated 3/31/2004; D80 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6)). The probative value is not substantially outweighed by the danger of unfair prejudice. |

DB02:5969865.1                                                  061778.1004

| PX # | Description | Objection | Response |
|---|---|---|---|
| 11 | JW Student Behavior Referral Dated 3/31/04 and 4/1/2004; D83 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 12 | JW Student Behavior Referral Dated 4/26/2004; Mongelli #1 | | |
| 13 | JW Student Behavior Referral Dated 5/3/2004; D104 | | |
| 14 | JW Student Behavior Referral Dated 5/4/2004 D105 | | |
| 15 | JW Student Behavior Referral Dated 5/5/2004; D106 | | |
| 16 | JW Student Behavior Referral Dated 5/5/2004; D107 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 17 | JW Student Behavior Referral Dated 5/6/2004; D108 | | |
| 18 | JW Student Behavior Referral Dated 5/7/2004; Mongelli #7 | | |
| 19 | JW Notice of Suspension Dated 3/8/2004; D76 | | |
| 20 | JW Notice of Suspension Dated 4/8/2004; D82 | | |

10

| PX # | Description | Objection | Response |
|---|---|---|---|
| 21 | Affidavit of Probable Cause – State v. JW, Case No. 0405018390; D127-128 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show that JW acts also constituted crimes under Delaware law. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6); Rule 803(8)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 22 | Delinquency Petition – State v. JW, Case No. 0405018390; D138 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show that JW acts also constituted crimes under Delaware law. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6); Rule 803(8)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 23 | Juvenile Disposition – State v. JW, Case No. 0405018390; D141-143 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show that JW acts also constituted crimes under Delaware law. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6); Rule 803(8)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 24 | Defendants' Answer to Plaintiff's Interrogatories – Limited to Question and Answer No. 4 | Defendants object. The proper approach is for Plaintiff to read the question and answer to the jury. | Plaintiff disagrees and believes it is a proper exhibit. |

11

| PX # | Description | Objection | Response |
|------|-------------|-----------|----------|
| 25 | Red Clay School District Sexual Harassment Policy; D391 | | |
| 26 | Student Folder Inspection Record for JW's Student Folder; D464 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show that the Defendants never looked at JW's file until after the incidents at issue in this case. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6); Rule 803(8)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 27 | RAP Data for JW; D1305-1315 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | This document is relevant to show that JW exhibited serious behavior problems prior to Plaintiff being hired by the Defendants. The document may also be relevant for impeachment purposes. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6); Rule 803(8)). The probative value is not substantially outweighed by the danger of unfair prejudice. |

| PX # | Description | Objection | Response |
|------|-------------|-----------|----------|
| 28 | RAP Data for JW; D610-615 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | This document is relevant to show that JW exhibited serious behavior problems prior to Plaintiff being hired by the Defendants. The document may also be relevant for impeachment purposes. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6); Rule 803(8)). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 29 | JW Student Behavior Referral Dated 2/3/2003; D780 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 30 | JW Student Behavior Referral Dated 2/3/2003; D781 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6). The probative value is not substantially outweighed by the danger of unfair prejudice. |

| PX # | Description | Objection | Response |
|---|---|---|---|
| 31 | JW Notice of Suspension Dated 3/25/2003; D607-609 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 32 | Manifestation Determination Worksheet Dated 3/27/2003; D618 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 33 | JW Psychological Evaluation Dated 1/31/2003; D1355-1361 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 34 | JW Functional Behavioral Assessment Process Dated 3/27/2003; D493-495 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6). The probative value is not substantially outweighed by the danger of unfair prejudice. |

| PX # | Description | Objection | Response |
|------|-------------|-----------|----------|
| 35 | JW Psychiatric Evaluation Dated 5/25/1994; D558-559 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6). The probative value is not substantially outweighed by the danger of unfair prejudice. |
| 36 | Handwritten Notes; D602 | Objection: relevancy (Rule 402); hearsay (Rule 802); and prejudice (Rule 403) | The document is relevant to show the pattern of JW's behavior. The document is not hearsay (Rule 803(1); Rule 803(3); Rule 803(5); Rule 803(6). The probative value is not substantially outweighed by the danger of unfair prejudice. |

Defendants reserve the right to use any exhibits identified by Plaintiff.

## Defendants' Exhibits

| DX # | Description | Objection | Response |
|------|-------------|-----------|----------|
| 1 | Mongelli NY Teacher Certificates (D2) | | |
| 2 | Mongelli 9/30/03 letter to Red Clay (D13) | | |
| 3 | Mongelli Red Clay Application for Employment (D14-17) | | |
| 4 | Mongelli Resume (D18) | | |
| 5 | Davenport 2/19/04 letter to Mongelli (D51) | | |
| 6 | Mongelli Temporary Employee Contract (D24) | | |

061778.1004

| DX # | Description | Objection | Response |
|------|-------------|-----------|----------|
| 7 | Excerpts from Red Clay Student Code of Conduct (D5-7) | | |
| 8 | Red Clay Sexual Harassment Policy (D389-390) | | |
| 9 | Mongelli Initial License (Teacher of Early Childhood/Primary K-4) (D25) | | |
| 10 | Mongelli Initial License (Standard: Teacher of Early Childhood/Primary K-4 Standard:  Elementary K-6 (D26) | | |
| 11 | Mongelli Initial License (Elementary K-6/Teacher of Early Childhood Primary K-4) (D27) | | |
| 12 | JW Notice of Suspension dated 4/8/04 (D82) | | |
| 13 | Mongelli Emergency Certificate (Teacher of Exceptional Children – LD, SED and MH (Secondary 7-12) (D87) | | |
| 14 | Mongelli Emergency Certificate Request Form 2003-2004 (Mongelli 11) | | |
| 15 | Hannah 4/12/04 letter to Mongelli (D228-229) | | |
| 16 | Hannah 4/12/04 letter to Mongelli (D230-231) | | |
| 17 | Hannah 4/12/04 letter to Mongelli (D232-233) | | |
| 18 | Carmack 4/22/04 memo to Dunmon and Davenport with attachments (D96-99) | | |
| 19 | JW Student Behavior Referral dated 4/26/04 (Mongelli 87) | | |
| 20 | JW Student Behavior Referral dated 5/3/04 (D104) | | |
| 21 | JW Student Behavior Referral dated 5/4/04 (D105) | | |

DB02:5969865.1                                                                                                                       061778.1004

| DX # | Description | Objection | Response |
|------|-------------|-----------|----------|
| 22 | JW Student Behavior Referral dated 5/5/04 (D106) | | |
| 23 | JW Student Behavior Referral dated 5/7/04 (D109) | | |
| 24 | CB Written Statement dated 5/11/04 (D111) | Objection:  Hearsay, rule 802 | |
| 25 | KB Written Statement dated 5/12/04 (D112-113) | Objection:  Hearsay, rule 802 | |
| 26 | JW Notice of Suspension dated 5/13/04 (D114) | | |
| 27 | Davenport 5/13/04 letter to Mongelli (D115) | | |
| 28 | Mongelli Professional Education Employee Contract (D116-117) | | |
| 29 | JW Manifestation Determination Worksheet dated 6/3/04 (D137) | Objection:  See Plaintiff's motion in limine | |
| 30 | Davenport 6/17/04 letter to Mongelli (D139) | | |
| 31 | Kennedy 8/20/04 memo to Dunmon (D225-227) | | |
| 32 | Carmack 1/30/04 memo to Davenport (Carmack Ex. 1) | | |
| 33 | Stipulation Limiting Back Pay and Eliminating Front Pay (D.I. 75) | Plaintiff objects | |
| 34 | Joint Stipulation of Facts Regarding Plaintiff's 2005 Reemployment with Defendant and Exclusion of Damages for 2005 Non-Renewal (D.I. 83) | Plaintiff objects | |

DB02:5969865.1

061778.1004

(7)     The names of all witnesses a party intends to call to testify either in person or by deposition at the trial and the specialties of experts to be called as witnesses.

**Plaintiff's Witnesses:**

| Witness | Objection | Response |
|---|---|---|
| Christina Mongelli<br>504 Blackbird Drive<br>Hockessin, DE | | |
| Joy Mongelli<br>504 Blackbird Drive<br>Hockessin, DE | Objection:  Relevancy (Rule 402) | Testimony is relevant to compensatory damages. |
| Michael Mongelli<br>504 Blackbird Drive<br>Hockessin, DE | Objection:  Relevancy (Rule 402) | Testimony is relevant to compensatory damages. |
| Chad Carmack<br>Dickinson High School | | |
| John Kennedy<br>Dickinson High School | | |
| Rachel Williams<br>Dickinson High School | Objection:  relevancy (Rule 402) and prejudice (Rule 403) | See Plaintiff's Responses to Defendants' Motions in Limine |
| Michael Wexler<br>Dickinson High School | Objection:  relevancy (Rule 402) and prejudice (Rule 403) | See Plaintiff's Responses to Defendants' Motions in Limine |
| Janene Carello<br>Dickinson High School | | |
| Gerald Thompson<br>2 Cheswold Bvd., Apt. 3-D<br>Newark, DE  19713 | Objection:  relevancy (Rule 402) and prejudice (Rule 403) | See Plaintiff's Responses to Defendants' Motions in Limine |
| Officer Alex J. Nowell<br>Delaware State Police | Objection:  relevancy (Rule 402) and prejudice (Rule 403) | See Plaintiff's Responses to Defendants' Motions in Limine |
| Debra Davenport<br>Red Clay School District | | |
| Diane Dunmon<br>Red Clay School District | | |
| Karen L. Muller, M.A., NCSP<br>Red Clay School District<br>(Rebuttal Only) | Objection:  failure to identify in discovery responses | |

Both parties reserve the right to use deposition testimony for cross examination or for any purpose permitted by the Federal Rules of Civil Procedure.

**Defendant's Witnesses:**

| Witness | Objection | Response |
|---|---|---|
| Janine Carello | | |
| Chad Carmack | | |
| Debra Davenport | | |
| Diane Dunmon | | |
| John Kennedy | | |
| Christina Mongelli | | |
| Kristen Norton | | |

Defendants reserve the right to call any witnesses identified by Plaintiff. Both parties reserve the right to use deposition testimony for cross examination or for any purpose permitted by the Federal Rules of Civil Procedure.

> **(8)    A brief statement of what Plaintiff intends to prove in support of Plaintiff's claims including the details of the damages claimed, or of other relief sought, as of the date of preparation of the draft order.**

1.    Plaintiff expects to prove that JW's conduct amounted to sexual harassment that created a hostile work environment. JW's conduct crossed the line between conduct that is merely offensive or rude and conduct that is actionable under Title VII. JW's conduct was the subject of 10 separate SBR write-ups between March 1, 2004 and May 5, 2004. Three of the incidents resulted in JW being suspended from school and one of the incidents resulted in criminal charges against JW. Three of the incidents involved physical contact which was clearly threatening and humiliating to plaintiff. The language used by JW took place in a classroom setting and was directed at the plaintiff. The language included sexual propositions and sexually derogatory terms. This language was not employed in a "joking" or "teasing" manner. Rather, the remarks were delivered in a hostile manner that was clearly intended to humiliate plaintiff and undermine her authority as a teacher. These incidents undoubtedly interfered with plaintiff's job performance. Even if it is true, as defendants claim, that plaintiff had "classroom management issues," the conduct of students like JW was no doubt a contributing factor.

2.  The plaintiff also expects to prove that the defendants are liable under Title VII for JW's conduct.  The plaintiff expects to show that the defendant either knew or should have known that JW had a well documented history of violent and physically aggressive behavior against authority figures such as teachers.  His behavior problems at Dickinson included a series of incidents of escalating severity.  The defendants' response to JW's behavior problems consisted of brief suspensions from school which lasted one or two days.  No effort was made to take action that would have ended the problem.

3.  The plaintiff expects to prove that she suffered feelings of humiliation and emotional trauma as a direct result of JW's conduct.  She became fearful of JW and the possibility that he might inflict additional harm on her.  As a result of her experiences, she no longer desires to return to the teaching profession.

**(9)    A brief statement of what the Defendant intends to prove as a defense.**

Defendants expect to prove the following:

(a)    Plaintiff was not subjected to a hostile working environment based on her sex;

(b)    Plaintiff did not report sexual harassment under Title VII;

(c)    JW's behavior was not sufficient sever or pervasive to create a hostile working environment;

(d)    Plaintiff cannot establish that her alleged treatment by JW was motivated by her sex or gender or instead was a manifestation of his disability.

(e)    Defendants took prompt remedial action to end JW's behavior upon becoming aware of it;

(f)    Plaintiff unreasonably failed to utilize Defendants policy against sexual harassment in the workplace or to avoid harm otherwise;

(g)  Plaintiff did not engage in any protected activity;

(h)  There is no causal connection between Plaintiff's reports concerning JW's

classroom behavior and the decision not to renew her teaching contract;

(i)  That Plaintiff has failed to mitigate her damages.

(j)  JW's conduct was a manifestation of his disability.


**(10)  Statements by counterclaimants or cross-claimants comparable to that required of Plaintiff.**

This is not applicable because Defendants have not brought any counterclaims.


**(11)  Any amendments to the pleadings desired by any party with a statement whether it is unopposed or objected to, and if objected to, the grounds therefor.**

**Plaintiff's Statement:**

The caption should be amended to delete the names of the individual defendants.

**Defendant's Statement:**

See Paragraph 14 regarding caption.


**(12)  The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement but those efforts were unsuccessful.**

Counsel hereby certify that two way communication has occurred between the parties by

persons having authority in a good faith effort to resolve this case by settlement.


**(13)  Any other matters which the parties deem appropriate, including whether or not the trial should be bifurcated.**

Defendants further reserve the right, pursuant to the Guidelines for Civil Trials Before Judge Robinson, to take a trial deposition of any witnesses not previously deposed.

### (14)    Limitations, Reservations and Other Matters

Defendants reserve the right to submit a revised Special Jury Verdict Form after the Court rules on the pending summary judgment motion.

Plaintiff has stipulated to the dismissal of her claims under 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution of the United States of America.  The only remaining claims are pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  Under Title VII, the Individual Defendants are not liable as a matter of law.

The caption should therefore be amended to remove the Individual Defendants.  In addition, the only appropriate Defendant is "Board of Education of the Red Clay Consolidated School District."  The caption should likewise be amended to reflect the appropriate name of the Defendant.

Plaintiff has stipulated that her claim for back pay is limited to the period from July 1, 2004 until January 19, 2005.  Plaintiff does not seek back pay for the period January 20, 2005 through the date of trial.   Plaintiff does not seek, and waives any claim for, front pay, future wage loss, or other economic or special damages.

Plaintiff has also stipulated that she returned to teaching at the Defendant, Red Clay Consolidated School District, on January 19, 2005 as a teacher at the Warner Middle School. Defendant's non-renewal of Plaintiff's employment contract, effective June 30, 2005, is not in issue in this litigation and Plaintiff does not claim any damages as a result of her non-renewal at that time.

## TRIAL TIME ESTIMATES

**A.      Length of Trial.**   Plaintiff's trial estimate is that the probable

length of trial is ___ days.  Defendants believe that the trial will last approximately 4 days.

Mark appropriate box:        Jury                    ____X____

Non-Jury                _____

**B.      Number of Jurors.**  There shall be _____ jurors and _____ alternate

jurors.

**C.      Jury Voir Dire.**  The Court will conduct voir dire.  If voir dire questions

are to be tendered, they should be submitted with the final pretrial order.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the

action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such

modification may be made either on application of counsel for the parties or on motion of the

Court.

Dated: _____

_____
Chief Judge Sue L. Robinson

Approved as to form and substance:


 JOSEPH M. BERNSTEIN, ESQUIRE
ATTORNEY AT LAW

*/s/ Joseph M. Bernstein*
Joseph M. Bernstein, Esquire  (I.D. # 780)
800 North King Street, Suite 302
Wilmington, DE 19801-3544
Telephone: (302) 656-9850
Facsimile: (302) 656-9836
jmbern001@comcast.net
Attorney for Plaintiff

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby, Esquire (I.D. #1016)
Michael P. Stafford, Esquire (I.D. #4461)
The Brandywine Building
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6553
Facsimile: (302) 576-3345; (302) 576-3470
bwilloughby@ycst.com; mstafford@ycst.com
Attorneys for Defendants

DB02:5969865.1                                                     061778.1004