IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA MONGELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-359-SLR |
| | ) | |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; IRWIN J. BECNEL, JR., CHARLES CAVANAUGH, GARY LINARDUCCI, LORETTA C. RICE, JAMES D. TAYLOR, MARTIN A. WILSON, SR., INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION; ROBERT J. ANDRZEJEWSKI, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE RED CLAY CONSOLIDATED SCHOOL DISTRICT; AND RED CLAY CONSOLIDATED SCHOOL DISTRICT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**

JOSEPH M. BERNSTEIN, ESQUIRE
ATTORNEY AT LAW

Joseph M. Bernstein, Esquire  (I.D. # 780)
800 North King Street, Suite 302
Wilmington, DE 19801-3544
Telephone: (302) 656-9850
Facsimile: (302) 656-9836
jmbern001@comcast.net
Attorney for Plaintiff

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Barry M. Willoughby, Esquire (I.D. #1016)
Michael P. Stafford, Esquire (I.D. #4461)
The Brandywine Building
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6553
Facsimile: (302) 576-3345; (302) 576-3470
bwilloughby@ycst.com;
mstafford@ycst.com
Attorneys for Defendants

Dated:  June 1, 2007

2

I'm going to give you some real short jury instructions, then we're all going to take a break. You're going to go back and my staff is going to basically show you around where you'll be spending the next few days. And if you need to make phone calls to employers or family members, you can do that.

Most importantly, you can order your lunch. We do provide lunch to the jurors.

So let me give you some preliminary instructions just so you have an idea of what you're facing, the experience that you will have.

It will be your duty to find what the facts are from the evidence as presented at the trial. You and you alone are the judges of the facts. You will have to apply those facts as you find them to the law as I will instruct you at the close of the evidence.

You must follow that law whether you agree with it or not.

Nothing that I may say or do during the course of the trial is intended to indicate what your verdict should be.

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things, however, are not evidence. They include, first, the statements, arguments and questions by lawyers are not evidence.

Second, objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the Rules of Evidence.

You should not be influenced by a lawyer's objection or by my ruling on the objection.

If I sustain or uphold the objection, you should ignore the question or document.

If I sustain -- if -- if I sustain or uphold the objection, you should ignore the question or document. If I deny the objection, you should -- and allow the matter into evidence, you should treat the testimony or document like any other evidence.

If I instruct you that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only and, if this does occur during the trial, I will try to clarify that for you at the time.

Third, you should not consider testimony and documents I have excluded and not admitted into evidence.

Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: Direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. And, again, I will give you further instructions on these as well as other matters at the end of the case. But keep in mind you may consider both kinds of evidence and they carry equal weight.

It will be up to you which witnesses to believe, which witnesses not to believe and how much of any witness' testimony to accept or reject.

Again, I will give you some guidelines for determining the credibility of witnesses at the end of the case.

This is a civil case. The plaintiff has the burden of proof in this case by what is called the preponderance of the evidence. That means the plaintiff has to produce evidence which, when considered in light of all the facts leads you to believe that what the plaintiff claims

3

is more likely true than not. To put it differently, if you were to put plaintiff's and defendants' evidence on the opposite sides of the scale, the evidence supporting plaintiff's claims would have to make the scales tip somewhat on his side.

If plaintiff fails to meet this burden, your verdict must be for the defendant.

Those of you who have sat in on criminal cases will have heard the term proof beyond a reasonable doubt. That requirement does not apply to a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff has met his burden of proof by a preponderance of the evidence in this case.

Now a few words about your conduct as jurors. First, I instruct you that during the trial and until you have heard all of the evidence and retire to the jury room to deliberate, you are not to discuss the case with anyone, not with your family members when you go home and not among yourselves. If anyone should try to talk to you about the case, please bring it to my attention promptly.

Second, you are not to read or listen to anything touching on this case that is not admitted into evidence. By that I mean if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to this case.

And, finally, and importantly, do not reach any conclusions as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

4

If you wish, you may take notes and we'll provide you with paper and pens. My Courtroom Deputy will give them to you. If you do take notes, you will -- they will be collected by my staff each time you leave the courtroom.

And remember that they are for your own personal use. They are not to be given or read to anyone else.

And although we do have a Court Reporter here, transcribing the testimony, we do not make transcripts available to our jurors, so you do have to rely on your memory or on the notes that you take during the trial.

All right. One other thing. You all were given juror identification tags. It is important that you do wear those so that when you are coming and going from the courtroom, those associated with the trial don't engage in a conversation accidentally. Even though it might be a very innocent conversation about the weather, it still may call into question your impartiality because you are talking with someone associated with the other side. So if you could wear those every day, that would be helpful.

As soon as we have our break, our trial will begin. First, each side will make an opening statement.

An opening statement should not be argument and it should not be evidence. It should simply give you a road map of what the lawyers expect to present during the trial so you can better follow the evidence as it comes in.

After the opening statements, the plaintiff will present her witnesses and defendants may cross-examine them.

Then the defendants may present their witnesses and plaintiff may cross-examine those witnesses.

After that, I will give you instructions on the law and the attorneys will make their closing arguments, to summarize and interpret the evidence for you. At that point, you will retire to deliberate on your verdict.

As I mentioned, we generally take two fifteen- minute breaks and a half an hour for lunch. The Court will supply you with lunch, within reason. If you don't care for the menus we provide, you can bring your own, but we only have half an hour in order to get these cases moving along. Every time the lawyers stand up, we time them. That means that when I say the trial will be done in a certain amount of hours, the trial will be done in a certain amount of hours.

But it is important for you also to be here promptly at 9:30 in the morning so that we can keep to a schedule as well, so we'd appreciate your cooperation.

All right. We're going to take a recess and allow you all to collect your things, get acquainted with the jury room, make the phone calls you need to, order your lunch. When you come back in, we will start with opening statements.