IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA MONGELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-359-SLR |
| | ) | |
| RED CLAY CONSOLIDATED SCHOOL | ) | TRIAL BY JURY DEMANDED |
| DISTRICT BOARD OF EDUCATION; | ) | |
| IRWIN J. BECNEL, JR., CHARLES | ) | |
| CAVANAUGH, GARY LINARDUCCI, | ) | |
| LORETTA C. RICE, JAMES D. TAYLOR, | ) | |
| MARTIN A. WILSON, SR., | ) | |
| INDIVIDUALLY AND IN THEIR OFFICIAL | ) | |
| CAPACITIES AS MEMBERS OF THE RED | ) | |
| CLAY CONSOLIDATED SCHOOL | ) | |
| DISTRICT BOARD OF EDUCATION; | ) | |
| ROBERT J. ANDRZEJEWSKI, | ) | |
| INDIVIDUALLY AND IN HIS OFFICIAL | ) | |
| CAPACITY AS SUPERINTENDENT OF | ) | |
| THE RED CLAY CONSOLIDATED | ) | |
| SCHOOL DISTRICT; AND RED CLAY | ) | |
| CONSOLIDATED SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED JOINT JURY INSTRUCTIONS

**Where the parties have not been able to agree on an instruction, each party has supplied their proposed instruction. The Plaintiff's proposed instruction is first and is labeled as "Plaintiff's Proposed." The Defendants' proposed instruction will follow and is labeled as "Defendants' Proposed."**

JOSEPH M. BERNSTEIN, ESQUIRE
ATTORNEY AT LAW
Joseph M. Bernstein, Esquire  (I.D. # 780)
800 North King Street, Suite 302
Wilmington, DE 19801-3544
Telephone: (302) 656-9850
Facsimile: (302) 656-9836
jmbern001@comcast.net
Attorney for Plaintiff

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (I.D. #1016)
Michael P. Stafford, Esquire (I.D. #4461)
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; (302) 571-6553
Facsimile: (302) 576-3345; (302) 576-3470
bwilloughby@ycst.com; mstafford@ycst.com
Attorneys for Defendants

## TABLE OF CONTENTS

<u>Page No.</u>

1.0   INTRODUCTION..................................................................................... 1

2.0   GENERAL INSTRUCTIONS ............................................................... 2

    2.1   JURORS' DUTIES................................................................... 2

    2.2   THE PARTIES AND THEIR CONTENTIONS ................................. 2

    2.3   BURDEN OF PROOF................................................................ 3

    2.4   ALL PERSONS AND ORGANIZATIONS ARE EQUAL
          BEFORE THE LAW ................................................................ 4

3.0   EVIDENCE ......................................................................................... 5

    3.1   EVIDENCE GENERALLY........................................................ 5

        3.1.1   EVIDENCE DEFINED.................................................. 5

        3.1.2   "IF YOU FIND" OR "IF YOU DECIDE"............................ 6

        3.1.3   CONSIDERATION OF THE EVIDENCE............................ 6

        3.1.4   DIRECT AND CIRCUMSTANTIAL EVIDENCE................... 6

        3.1.5   NOT REQUIRED TO PUT IN ALL EVIDENCE................... 7

        3.1.6   STIPULATIONS ....................................................... 7

    3.2   EVIDENCE -- WITNESSES AND TESTIMONY ........................... 7

        3.2.1   CREDIBILITY OF WITNESSES ............................ 7

        3.2.2   SPECULATION INSUFFICIENT ........................... 8

        3.2.3   NUMBER OF WITNESSES ................................... 8

    3.3   EVIDENCE - EXHIBITS ......................................................... 9

        3.3.1   DEMONSTRATIVE EXHIBITS ............................. 9

4.0   TITLE VII HOSTILE WORK ENVIRONMENT BASED ON SEX ....... 10

    4.1   TITLE VII HOSTILE WORK ENVIRONMENT- ELEMENTS
          OF A CLAIM................................................................... 10

i

**4.2**   TITLE VII DEFINITIONS - HOSTILE OR ABUSIVE WORK
ENVIRONMENT..................................................................................... 14

**5.0**   **TITLE VII RETALIATION (42 U.S.C. § 2000(e))**.................................... **16**

    **5.1**   TITLE VII RETALIATION- INTRODUCTION................................. 16

    **5.2**   TITLE VII RETALIATION - ELEMENTS OF A CLAIM ................................ 17

    **5.3**   SPECULATION INSUFFICIENT.................................................... 18

**6.0**   **DAMAGES**............................................................................................. **20**

    **6.1**   DAMAGES GENERALLY............................................................. 20

    **6.2**   COMPENSATORY DAMAGES ..................................................... 21

    **6.3**   LITIGATION STRESS (HOSTILE ENVIRONMENT) ...................... 23

    **6.4**   LOST WAGES............................................................................... 23

    **6.5**   DUTY TO MITIGATE ................................................................... 23

    **6.6**   PREVENTION OF DOUBLE RECOVERY...................................... 24

    **6.7**   EFFECT OF INSTRUCTIONS AS TO DAMAGES ......................... 24

**7.0**   **VERDICT**............................................................................................... **26**

    **7.1**   VERDICT BASED UPON EVIDENCE............................................ 26

    **7.2**   UNANIMOUS VERDICT............................................................... 26

    **7.3**   DUTY TO DELIBERATE ............................................................... 27

    **7.4**   SPECIAL JURY VERDICT FORM ................................................ 28

    **7.5**   DELIBERATION AND VERDICT.................................................... 28

**8.0**   **COURT HAS NO OPINION** ..................................................................... **29**

## 1.0    INTRODUCTION[1]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules for evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

---

[1]    Source: *Cuffee v. The Dover Wipes Co.*, C.A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94).

**2.0    GENERAL INSTRUCTIONS**

**2.1    JURORS' DUTIES**[2]

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if Plaintiff has carried her burden to prove that Defendants are liable.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties carefully and fairly.  Do not let any bias, sympathy, or prejudice that you may feel influence your decision in any way.

**2.2    THE PARTIES AND THEIR CONTENTIONS**

The parties in this case are Christina Mongelli, who is Plaintiff, and her former employers, the Red Clay Consolidated School District and the Red Clay Consolidated School District Board of Education, who are Defendants.

Plaintiff contends that Defendants subjected her to a hostile working environment in which she was sexually harassed by one of her special education students, JW.  Plaintiff contends that this was in violation of Title VII of the Civil Rights Act of 1964.  She also claims that Defendants retaliated against her in violation of Title VII by failing to renew her teaching

---

[2]    Source: *Cuffee v. The Dover Wipes Co.*, C.A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94).

2

contract after she complained of the alleged harassment.

Defendants deny that Plaintiff was subjected to a hostile working environment while employed as a special education teacher at John Dickinson High School and contend her teaching contract was not renewed for legitimate, non-discriminatory reasons.

### 2.3    BURDEN OF PROOF[3]

This is a civil case. Plaintiff has the burden of proving her claims and damages by what is called a preponderance of the evidence. To establish something by a preponderance of the evidence means to prove that something is more likely true than not. To find that a party has proven something by a preponderance of the evidence, you must conclude that the evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

The preponderance of the evidence does not depend on the number of witnesses, but upon the weight of the testimony. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any facts in issue have been proven by Plaintiff, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence regardless of who may have produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not Plaintiff has met her burden of proof on various issues.

---

[3]    Sources: *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94); 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions §  101.41 (5th ed. 2000).

3

### 2.4    ALL PERSONS AND ORGANIZATIONS ARE EQUAL BEFORE THE LAW[4]

In your deliberations, you must not consider the fact that Plaintiff is an individual while Defendants are government entities.  A government entity is entitled to the same fair trial as a private individual.  All persons, whether government entities or corporations or individuals, stand equal before the law and are to be dealt with as equals in a court of justice.  This means you should not favor Plaintiff over Defendants.  Rather, the status of Plaintiff and Defendants as individuals or government entities should not affect your decision in any way.

---

[4]    Sources:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions §  103.12 (5th ed. 2000); *Cuffee v. The Dover Wipes Co.*, C.A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94)

**3.0     EVIDENCE**

    **3.1     EVIDENCE GENERALLY**

        **3.1.1     EVIDENCE DEFINED**[5]

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

---

[5]    Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

061778.1004

### 3.1.2   "IF YOU FIND" OR "IF YOU DECIDE"[6]

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find" or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more likely true than not.

### 3.1.3   CONSIDERATION OF THE EVIDENCE[7]

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

### 3.1.4   DIRECT AND CIRCUMSTANTIAL EVIDENCE[8]

You have heard the terms direct evidence and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial

---

[6]    Source: 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions § 104.04 (5th ed. 2000).

[7]    Source: *Cuffee v. The Dover Wipes Co.*, C. A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

[8]    Sources: *Cuffee v. The Dover Wipes Co.*, C. A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94); 3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions § 101.42 (5th ed. 2000); Third Circuit Model Jury Instructions (Civil) § 1.6 (2006).

evidence.   The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 3.1.5   NOT REQUIRED TO PUT IN ALL EVIDENCE[9]

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

### 3.1.6   STIPULATIONS [10]

Certain facts have been read into the record as stipulations of the parties.

Since the parties have stipulated to these facts and/or testimony and do not dispute them, you are to take these facts and/or testimony as true for purposes of this case.

### 3.2      EVIDENCE -- WITNESSES AND TESTIMONY

### 3.2.1   CREDIBILITY OF WITNESSES[11]

You, as jurors, are the sole judges of the credibility of the witnesses and of the value, weight, and sufficiency of their testimony.

You should carefully consider all of the testimony that has been given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' motive, state of mind, demeanor, and manner while on the stand.  Consider the witness' ability to observe the matters to

---

[9]      Source: *Cuffee v. The Dover Wipes Co.*, C.A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94).

[10]      Source:  3 Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions §  101.47 (5th ed. 2000).

[11]      Source: *Cuffee v. The Dover Wipes Co.*, C.A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94).

which he has testified, and whether that witness impresses you as having an accurate recollection of those matters.  Consider also any relationship each witness may have to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which (if at all) the testimony of each witness is either supported or contradicted by other evidence in the case.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it concerns an important fact or an unimportant fact.

### 3.2.2   SPECULATION INSUFFICIENT[12]

You may not rely upon a witnesses' mere speculation to prove a fact.

### 3.2.3   NUMBER OF WITNESSES[13]

Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.   Concentrate on that, not the numbers.

---

[12]     Sources:  *Miller v. Ashcroft*, 2003 U.S. App. LEXIS 20099, *20 (3d Cir. September 30, 2003); *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992).
[13]     Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

### 3.3     EVIDENCE - EXHIBITS

### 3.3.1   DEMONSTRATIVE EXHIBITS[14]

During the course of the trial, you have seen many exhibits.   Many of these exhibits were admitted as evidence.  You will have these admitted exhibits in the jury room for your deliberations.   The remainder of the exhibits (including charts, exemplars and animations) were offered to help illustrate the testimony of the various witnesses.  These illustrative exhibits, called demonstrative exhibits, have not been admitted, are not evidence and should not be considered as evidence.  Rather it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in the case.

---

[14]     Source: *Cuffee v. The Dover Wipes Co.*, C.A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94).

**4.0    TITLE VII HOSTILE WORK ENVIRONMENT BASED ON SEX**

**4.1    TITLE VII HOSTILE WORK ENVIRONMENT- ELEMENTS OF A CLAIM**

**Plaintiff's Proposed:**

In this case, the plaintiff claims that she was subjected to a hostile work environment and sexual harassment in violation of a federal law known as Title VII.  In order to find in favor of the plaintiff on this claim, you must find that the plaintiff has proved the following elements of her claim by a preponderance of the evidence:

(1) that the plaintiff was a member of a protected class;

(2) the plaintiff was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature;

(3) the harassment complained of was based on sex;

(4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's job performance and created an intimidating, hostile or offensive workplace; and

(5) the defendant employer had responsibility for the acts of sexual harassment in the workplace to which the plaintiff was subjected.  In determining whether the defendants are responsible for the acts of sexual harassment, the following Guideline issued by the Equal Employment Opportunity Commission is applicable in this case:

> An employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing these cases the Commission will consider the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such non-employees.

If you find by a preponderance of the evidence that the plaintiff has established all of the elements outlined above, your verdict should be in favor of the plaintiff and you should go on to consider what damages to award the plaintiff.  On the other hand, if you find that the plaintiff has failed to prove one or more of the elements outlined above, then your verdict should be in favor of the defendants.

Under the law of Title VII, an employer can avoid liability for damages for a hostile work environment sexual harassment claim if the defendants prove the following by a preponderance of the evidence:

(1) the defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and,

(2) that plaintiff unreasonably failed take advantage of any preventive or corrective opportunities provided by the defendants.

If you find that the defendants have established the above elements by a preponderance of the evidence, then your verdict should be for the defendants.

**Defendants' Proposed:**[15]

Plaintiff claims that she was subjected to sexual harassment by a special education student, JW, and that this harassment was motivated by plaintiff's gender, that is the fact that she is female.

Defendants are liable for the actions of JW in Plaintiff's claim of sexual harassment only  if she proves all of the following elements by a preponderance of the evidence:

First:  JW engaged in severe and pervasive conduct towards Plaintiff that was of a sexual nature; it is not sufficient for Plaintiff to prove that JW acted

---

[15]     Sources: Source:  Third Circuit Model Jury Instructions (Civil); *Pennsylvania State Police v. Suders*, 524 U.S. ___, 124 S. Ct. 2342, 159 L. Ed. 2d 204 (2004); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus. v. Ellerth*, 524, U.S. 742 (1998); *Barrett v. Applied Radiant Energy Corp.*, 240 F.3d 262 (4th Cir. 2001).

inappropriately in the classroom.

Second: JW's conduct was not welcomed by Plaintiff.

Third: JW's conduct was motivated by the fact that Plaintiff is a female.

Fourth: The Plaintiff must show that her alleged perception of the work environment as hostile and abusive was in fact reasonable under the circumstances. You must consider the totality of the circumstances in making this determination. For example, you must take into consideration the nature of Plaintiff's job, that is, that she was a special education instructor. You should also consider that the alleged harasser was a special needs student whose actions were determined to be a "manifestation of his disability" as that term is used by educators.

You must also consider whether the conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find her work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable special education teacher's reaction to Plaintiff's work environment.  If the Plaintiff was unusually or unreasonably sensitive, she has not established this element regardless of her subjective feelings.

Fifth: Plaintiff must show that she actually believed her work environment was sexually hostile or abusive as a result of JW's conduct.

Sixth: Plaintiff must show that the school administrators knew, or should have known, of  the conduct Plaintiff alleges constitutes sexual harassment. This means that the Plaintiff  took appropriate steps to put the school administration on notice that JW was engaging in sexual harassment. It is not sufficient for Plaintiff to claim that the school administration was aware that JW engaged in inappropriate behavior that was not of a sexual nature.

If any of the above elements has not been proved by a preponderance of the

evidence, your verdict must be for Defendant and you need not proceed further in considering

this claim.  If you find that the elements have been proved, then you must consider Defendants'

affirmative defense.  I will instruct you now on the elements of that affirmative defense.

You must find for Defendants if you find that they have proven both of the

following elements by a preponderance of the evidence:

First: Defendants exercised reasonable care to prevent sexual harassment in the workplace.

Second: Plaintiff failed to take advantage of any preventive or corrective opportunities provided by Defendants, or otherwise failed to take reasonable steps to prevent the harassment.

Proof of the following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

1.      Defendant had established one or more policies against sexual harassment in the workplace.

2.      One or more of Defendants' policies provided a reasonable way for Plaintiff to make a claim of harassment to higher management.

Proof that Plaintiff did not follow a reasonable complaint procedure provided by Defendants will ordinarily be enough to establish that Plaintiff unreasonably failed to take advantage of a corrective opportunity.

With regard to the reasonableness of an employee's failure to take advantage of an employer's complaint process, you should keep in mind that a generalized fear of retaliation does not excuse an employee from taking advantage of an employer's internal complaint procedure. In addition, an employee's subjective opinion that a complaint would do no good is insufficient to excuse her from using the employer's complaint procedure.

In considering Defendant's actions, you must also bear in mind that Defendant is a public school district. Special needs students such as JW have constitutional due process rights and cannot be disciplined arbitrarily. School administrators have a duty to investigate actions allegedly taken by a student. Special needs students also have a right to a free public education. The school district cannot deprive them of their right to a free public education without providing due process rights to students such as JW. In considering what action to take in connection with inappropriate classroom conduct allegedly done by a student, under federal law, the school district must take into account whether the actions were a manifestation of the

13

student's disability. If so, federal law restricts the disciplinary actions the school district may

take.

### 4.2    TITLE VII DEFINITIONS - HOSTILE OR ABUSIVE WORK ENVIRONMENT

**Defendants' Proposed:**[16]

In determining whether a work environment is sexually "hostile" you must look at

all of the circumstances, which may include:

- The nature of the workplace, in this case, a school.
- The reasonable expectations of Plaintiff as a teacher upon entering the school environment, in this case a special education class, with special needs students who have behavior problems.
- The frequency of the offensive conduct, that is, how many times did JW engage in conduct towards Plaintiff that was explicitly sexual or directed to her because she is female.
- The severity of the conduct in light of Plaintiff's position and that the fact that the alleged harasser was a special needs student.
- Whether the conduct was unwelcome, that is, conduct Plaintiff regarded as unexpected and unwanted given her position as a special education teacher.
- Whether the conduct was pervasive, that is, was constantly occurring over a long period of time.
- Whether the conduct was directed toward Plaintiff because of her sex, female.
- Whether the conduct was physically threatening or humiliating.
- Whether the conduct was merely  tasteless comments or inappropriate acting out by a student.
- Whether the conduct unreasonably interfered with Plaintiff's work performance.

The mere occurrence in the school environment of occasional horseplay,

occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an

abusive or hostile work environment. A hostile work environment can be found only if there is

extreme conduct amounting to a material change in the terms and conditions of employment.

Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work

---

[16]    Source:  Third Circuit Model Jury Instructions (Civil).

environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar. In order to find a hostile work environment under Title VII, you must find that Plaintiff was harassed because of her sex.

15

**5.0    TITLE VII RETALIATION (42 U.S.C. § 2000(e))**

**5.1    TITLE VII RETALIATION- INTRODUCTION**

**Plaintiff's Proposed:**

In this case, the plaintiff has alleged that the defendants violated Title VII in terminating her employment because her termination was made in retaliation for her complaints about the sexual harassment committed by JW. In order to establish a claim of retaliation under Title VII, the plaintiff must establish the following by a preponderance of the evidence:

(1)  the plaintiff engaged in protected opposition to sexual harassment;

(2)  the defendants took adverse action against the plaintiff either contemporaneous with or subsequent to the plaintiff's exercise of protected opposition.

(3)  there was a causal connection between the protected activity and the employer's adverse action.

If you find that the plaintiff has established all of the above elements, the burden shifts to the defendants, who must articulate a legitimate, non-discriminatory reason for the adverse action. If the defendants do articulate a legitimate, non-discriminatory reason for the adverse action, your verdict may still be in favor of the plaintiff if the plaintiff can show that the articulated reason was a mere pretext for discrimination.

**Defendants' Proposed:**

In this case Plaintiff makes a claim under a Federal Civil Rights statute known as Title VII that prohibits employers from retaliating against an employee because that employee complained about sex discrimination or sexual harassment prohibit by Title VII.

More specifically, Plaintiff claims that her contract was not renewed because she complained of sexual harassment by JW, a special education student in her class.

I will now instruct you more fully on the issues you must address in this case.

**5.2    TITLE VII RETALIATION - ELEMENTS OF A CLAIM**

**Defendants' Proposed:**[17]

Plaintiff claims that Defendants discriminated against her because of her complaints regarding sexual harassment by JW.  Defendants state that Plaintiff was not renewed because of her lack of certification because of her failure to take required courses to maintain her emergency certificate.

To prevail on this claim, Plaintiff has the burden of proof. She must prove all of the following by a preponderance of the evidence:

First: That she engaged in an activity protected by Title VII.  Complaining about sexual harassment is such a protected activity.

Second: That she was subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third: That there was a causal connection between  her protected activity, if any, and the materially adverse action.

Concerning the first element, Plaintiff admits that she did not file a complaint in accordance with Defendants' Code of Conduct applicable to students, nor did she file a complaint under the School District's Sexual Harassment policy applicable to teachers, nor did she file a grievance under her union contract. Likewise, she did not file a charge of discrimination with a government agency until after her contract was non-renewed.

Her claims that she engaged in "protected activity" therefore rest entirely on her actions in submitting Student Behavior forms concerning JW when she was a special education teacher at John Dickinson High School.  You must decide whether Plaintiff's actions in submitting Student Behavior Referral forms constituted a complaint of sexual harassment protected by Title VII or were simply notices of JW's bad behavior as a special education

---

[17]    Source:  Third Circuit Model Jury Instructions (Civil).

student.

Concerning the second element,  the term "materially adverse" means that Plaintiff must show that the non-renewal of her teaching contract was serious enough that it well might have discouraged a reasonable teacher from complaining about sexual harassment.

Concerning the third element, that of causal connection, Plaintiff must show that the non-renewal of her teaching contract was in fact because she complained of alleged sexual harassment by JW and not for any other reason.

If you find that Plaintiff has established all of the above-listed elements of a retaliation claim, Defendants then must come forward with evidence of a legitimate, not discriminatory reason for their decision not to renew Plaintiff's employment contract. In this case, Defendants state that Plaintiff was non-renewed because of her lack of certification due to of her failure to take required courses to maintain her emergency certificate. Your verdict could be for the Plaintiff in such circumstances only if you find that the reason Defendant stated was in fact a pretext for discrimination based on her alleged protected activity.  If Plaintiff were non-renewed for any other reason, including her lack of certification, you must find that she was not the victim of retaliation. In other words, even if you don't agree with Defendants stated reason, if the real reason was not because of her alleged complaint about sexual harassment, you must find for Defendants.

### 5.3    SPECULATION INSUFFICIENT[18]

Plaintiff cannot rely upon mere speculation, whether her own or that of another witness, to prove her claim that the Defendants retaliated against her because she allegedly reported incidents of sexual harassment.  In this respect, Plaintiff's own perceptions about the

---

[18]        Sources:  *Miller v. Ashcroft*, 2003 U.S. App. LEXIS 20099, *20 (3d Cir. September 30, 2003); *Gustovich v. AT&T Communications, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992).

adequacy of her own performance or the reason Defendants choose not to renew her contract are

irrelevant.

**6.0    DAMAGES**

**6.1    DAMAGES GENERALLY**[19]

   I will now discuss a potential award of damages in this case.   My instructions on damages are not intended as any indication by the Court as to whether damages should or should not be awarded in this case.  You must first determine the issue of liability on the part of the Defendants.

   If you determine that Defendants violated Plaintiff's rights, they are only required to compensate Plaintiff for those damages which Plaintiff has proven by a preponderance of the evidence to have been a proximate result of the Defendants actions.

   Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  In other words, there must not only be a causal link, but a direct one, with no intervening causes.  Thus, to award damages, the Defendants' conduct must be the proximate cause of any damages you find Plaintiff has suffered,

   You may not compensate Plaintiff for damages for which the defendants conduct is not a cause.  Therefore, you may not compensate Plaintiff for the damages she received from any other source.

   The object and purpose of an award of damages in a civil action is just, fair, and reasonable compensation for any harm and injury done to Plaintiff as a result of any Defendant's actions.  In a case such as this, damages are meant to put Plaintiff in the economic position she would have occupied if her legal rights had not been violated.  In determining such damages, you may award to her any lost wages, including lost benefits and pension payments.  Keep in mind that Plaintiff is not entitled to recover economic damages more than once for the same injury.

---

[19] Source: *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94)

In determining the amount of damages which you award, you should be guided by dispassionate common sense. You must use sound discretion fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based upon sympathy, speculation, or guesswork.

### 6.2    COMPENSATORY DAMAGES

**Plaintiff's Proposed:**

If you find that the plaintiff has established her claims of hostile work environment sexual harassment and/or retaliation, then you must award the plaintiff sufficient damages to compensate her for any injuries proximately caused by the defendants' conduct. The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of Title VII. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to a recovery.

These damages are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole – that is to compensate her for the damage she has sustained. Compensatory damages are not limited merely to economic losses, such as back pay. The plaintiff is also entitled to recover compensatory damages for physical injury, pain and suffering, mental or emotional trauma, or shock and discomfort that she has suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by the defendants' alleged wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered, or which she is reasonably likely to suffer in the near future.

21

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**Defendants' Proposed:**[20]

If you find by a preponderance of the evidence that the Plaintiff has established her claims of hostile work environment harassment based on her sex and/or retaliation, then you may consider the issue of compensatory damages.  You may award Plaintiff an amount that will fairly compensate her for any injury she actually sustained as a result of the Defendants' conduct. The damages that you award must be fair compensation, no more and no less.  The award of compensation is meant to put Plaintiff in the position she would have occupied if the discrimination had not occurred.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without the Defendants' acts.  Plaintiff must also show that the Defendants' actions caused the injury, and that the injury was a direct result of one of the Defendant's actions. In other words, even assuming that the District's actions were motivated by discrimination or retaliation, Plaintiff is not entitled to damages for an injury unless Defendant's actions actually played a substantial part in bringing about that injury.

---

[20]    Source:  3C Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions §  177.70 (5th ed. 2000).

### 6.3      LITIGATION STRESS (HOSTILE ENVIRONMENT)

**Defendants' Proposed:**[21]

Even though Plaintiff brought this lawsuit because she maintains that Defendants engaged in wrongful conduct, she chose to pursue this litigation knowing of both the economic and emotional cost that it would entail.  Plaintiffs make substantial and emotional investments in their cases and this is simply the normal result of being a litigant.  That fact alone does not entitle her to damages in any amount from Defendants.

Therefore, if you decide that Plaintiff has suffered any emotional distress you must also decide whether some or all of that emotional distress was caused by the process of bringing this lawsuit.  Any portion of Plaintiff's emotional distress caused by this lawsuit cannot be compensated by damages in this case.  If you find that all of Plaintiff's emotional distress is a result of the process of this lawsuit then you must award her nothing for this emotional distress.

**Plaintiff objects to an instruction on the foregoing subject.**

### 6.4      LOST WAGES[22]

The parties agree that the amount of income Plaintiff would have earned with the School District from the period July 1, 2004 to January 19, 2005 is $_____.

The parties further agree that Plaintiff has no other financial or economic losses.

### 6.5      DUTY TO MITIGATE[23]

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is called "mitigation of damages."

---

[21]    *Cuffee v. The Dover Wipes Co.*, C.A. No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D.I. 94)

[22]    Source:  Third Circuit Model Jury Instructions (Civil) § 5.4.3 (2006).

[23]    Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

If you determine that Plaintiff is entitled to damages for lost wages, you must reduce these damages by (1) what Plaintiff earned and (2) what Plaintiff could have earned by making a reasonable effort during the period from the termination of her employment on June 30, 2004 until she was reemployed on January 19, 2005.

It is the Defendants' burden to prove by a preponderance of the evidence that Plaintiff failed to mitigate her damages by showing that:

1.    substantially equivalent employment opportunities were available to her; and

2.    She failed to use reasonable diligence in attempting to pursue such employment opportunities.

If you determine that Plaintiff did not make reasonable efforts to obtain another, similar job, you must decide whether any damages resulted from her failure to do so.  If the Defendants meet their burden of proof, you may reduce any award to her by the amount which she could have earned by reasonable diligence.

### 6.6    PREVENTION OF DOUBLE RECOVERY[24]

Plaintiff may only recover once for any damages she may have suffered as a result of the Defendants' alleged conduct.

Therefore, if you find in her' favor on more than one of her claims, you may not award multiple damages merely because she sought damages under multiple legal theories.

### 6.7    EFFECT OF INSTRUCTIONS AS TO DAMAGES[25]

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case.

---

[24]    Source:  *Ramada Inns, Inc. v. Duro Jones & Co., Inc.*, 543 A.2d 313, 328-29 (Del. Super. 1987).

[25]    Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

Instructions about the measure of damages are given for your guidance only if you find that any award of damages is appropriate.

**7.0     VERDICT**

**7.1     VERDICT BASED UPON EVIDENCE**[26]

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatsoever except a fair and impartial consideration of the evidence.  Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision.  The Court does not charge you not to sympathize with either Plaintiff or any of the Defendants, because it is only natural and human to sympathize with persons involved in litigation.  But the Court does charge you to not allow that sympathy to enter into the consideration of the case or to influence your verdict.

**7.2     UNANIMOUS VERDICT**[27]

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

A  special form of verdict has been prepared for you.  You will take this form to the jury room and follow the instruction on the form. After you complete the answers on the form,  ou will then return to the courtroom and your foreperson will hand your verdict to the clerk.

Please note that depending on your conclusions for your deliberations, not all questions on the form must be completed.

It is proper to add the caution that nothing said in these instructions and nothing in

---

[26]     Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

[27]     Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

the special verdict form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

**7.3    DUTY TO DELIBERATE**[28]

When you retire to the jury room you will be free to talk about the case.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each others views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any of you took notes, notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself

---

[28]    Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

061778.1004

if Plaintiff has carried his burden of proof on all the elements of his case, as I have just described them.

### 7.4    SPECIAL JURY VERDICT FORM

You will be provided with a Special Jury Verdict Form to guide you in your deliberations.  Please pay careful attention to the instructions on the form and answer the listed questions.

### 7.5    DELIBERATION AND VERDICT[29]

Let me conclude these proceedings by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I will talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your vote.  For example, do not write down or tell anyone that you are split 6-1, or 4-3, or whatever your vote happens to be.  That should stay a secret until you are finished.

---

[29]    Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

## 8.0    COURT HAS NO OPINION[30]

Let me finish up by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based upon the evidence presented.

---

[30]    Source:  *Cuffee v. The Dover Wipes Co.*, C. A.  No. 03-0276-SLR (D. Del. Oct. 8, 2004) (Joint Proposed Jury Instructions, D. I. 94).

DB02:5965316.1                                          061778.1004